SPIVEY *v.* THE STATE on the relation of GEORGE.

Prosecution for bastardy. The jury were instructed as follows: "Some witnesses have been introduced to impeach the testimony of *A. G.* the [only] prosecuting witness. If the testimony going to impeach her credibility is so strong as to satisfy your minds that you could not believe anything she may have testified to, you should find for the defendant."

*Held*, that the instruction was correct.

*Held*, also, that the Court might have refused to give it without some.

Nov. Term,
1856.

SPIVEY
v.
THE STATE.

qualification, to the effect that they might believe or disbelieve the witness, whether impeached or not; but that if the defendant wished such qualification, he should have asked it.

Further instruction in substance as follows: The prosecuting witness testifies that "the bastard was begotten on the 15th of *April;* that defendant had sexual intercourse with her on that day, and at several times afterwards. If you believe that she is mistaken as to the day, but, from all the evidence, that defendant is the father of the bastard, you should find for the plaintiff." *Held,* that the instruction was correct.

The Court refused to instruct in effect as follows: As the case for the State rests upon the testimony of the prosecuting witness, though that may be sufficient to make out the case, yet if you find that she swore positively to a time and place where the child was begotten, and two credible witnesses testify to a positive *alibi* of the defendant, you should acquit; for such obvious perjury would destroy the credibility of the witness in all things. *Held,* that the instruction was properly refused; the Court could instruct as to the law, but could not take from the jury the right to believe or disbelieve.

The Court refused to instruct in substance as follows: The jury can know nothing of the case, except from the testimony. And if the statements of the prosecuting witness are uncorroborated,—and if the four or five witnesses for the defendant are all credible, and all swear that they know the general character of the prosecuting witness to have been bad, both before and after she was got with child, and that, judging from that character, they would not believe her on oath, &c., the jury cannot go further than these witnesses, and should not confide in the prosecuting witness. *Held,* that the instruction was properly refused; the jury are not bound by the opinions of impeaching witnesses.

*Quære,* whether such opinions are admissible in evidence, as to the credibility of the prosecuting witness.

*Thursday,*
*January* 8,
1857.

APPEAL from the *Fayette* Circuit Court.

PERKINS, J.—Prosecution in a case of bastardy. Conviction in the Circuit court.

The only questions in the case, in this Court arise upon instructions given and refused.

The following instruction was given:

"Some witnesses have been introduced to impeach the testimony of *Amanda George,* the [only] prosecuting witness. If the testimony going to impeach her credibility is so strong as to satisfy your minds that you could not believe anything she may have testified to, you should find for the defendant."

This instruction certainly states a correct proposition. Nov. Term, 1856.

Spivey
v.
The State. If there be but one witness in a cause, and that witness be impeached to such an extent that the jury cannot believe anything said by the witness, surely the defendant should go acquit, unless upon the pleadings in the cause, the case is with the plaintiff, and the defense is to be made out by proof. The Court, perhaps, might refuse to give such an instruction without qualification. But being given, if the defendant wished the jury told that they might find for him, even if the witness was not impeached to that extent, he should have asked the Court to so instruct them. He should have framed such a proposition as expressed the law upon the right and duty of the jury to believe or disbelieve a witness whether impeached or not, and covering the whole ground or such part of it as he might desire instructions upon. *Roots et al* v. *Tyner et al*, and *Postlethwaite et al* v. *Payne*, at this term (1).

The Court gave this instruction:

"The prosecuting witness testifies that the bastard child was begotten on the 15th day of *April* last; that the defendant had sexual intercourse with her on that date, and on several other occasions subsequent to that time. If you should believe that she is mistaken as to the day, but believe from all the evidence in the case that the defendant is the father of said bastard child, you should find for the plaintiff."

We think the instruction correct.

The Court refused to give the following:

"In this case, as the whole case for the State rests alone on the naked testimony of the prosecuting witness; though she may swear to enough to make out the case, yet if the jury find that she swore positively to the precise time and place where the child was begotten, and two credible witnesses have therein sworn to a positive *alibi* of the defendant, the jury should acquit; because such obvious perjury would destroy the credibility of the witness in all things."

The Court did right in refusing the instruction. It was for the jury to determine whether, and to what ex-

tent, they would believe the witness.[1] The Court might instruct as to the law and rules upon the subject of impeaching testimony, but the right of believing or disbelieving could not be taken from the jury.

The Court refused to instruct as follows:

"The jury can legitimately know nothing of this case, except as they get it from the witnesses as examined in Court. And if the statements of the prosecuting witness stand alone and uncorroborated by other witnesses, and if all the witnesses for the defendant, some four or five in number, are credible witnesses, and all swear they are acquainted with the general character of the prosecuting witness, both before and since she was got with child, and that her character was and is bad, and that, judging from that character, they would not be willing to believe her under oath in a matter in which she was interested, then the jury could not go further than the witnesses, and should not confide in the prosecuting witness."

This instruction was rightly refused.

The jury were not bound by the opinion of the impeaching witnesses as to whether they could believe the prosecuting witness. The jury would believe or disbelieve her upon their own judgment of the facts in the case bearing upon the point. The opinions of the impeaching witnesses, as to the credibility of the prosecuting witness, were probably improperly admitted in evidence. The weight of authority is thought to be against the admission of such opinions, and general principles seem to us to be so. 1 Greenl. 620, note 5. But this point does not here arise for decision, and is not decided.

Another instruction, that the State must make out her case, &c., was refused, and rightly enough, as having been previously substantially given.

*Per Curiam.*—The judgment is affirmed with costs.

*S. W. Parker* and *J. C. McIntosh*, for the State.

*N. Trusler* and *J. A. Fay*, for the appellee.

(1) *Postlethwaite* v. *Payne*, *ante*, 104.—*Roots* v. *Tyner*, held over on petition for a rehearing.