WAYNE C. WEBB *v.* STATE OF INDIANA.

[No. 970S200. Filed July 19, 1972. Rehearing denied September 15, 1972.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged by affidavit in two counts charging him with Robbery and Armed Robbery. He was convicted in a trial by jury of Armed Robbery and sentenced to twenty years imprisonment. Three issues are presented by his appeal.

(1) Did the charging of two counts of robbery in the same affidavit deprive the defendant of a fair and impartial trial?

(2) Did the trial court err in rereading to the jury two of the final instructions?

(3) Did the trial court err by instructing the jury that evidence that a witness had been previously convicted of a crime may be considered, in connection with all the other facts and circumstances in evidence, in deciding the weight to be given to the testimony of such witness?

The sufficiency of the evidence has not been challenged. Several eye witnesses identified the defendant as one of two armed men who robbed the bartender in the victimized tavern at gunpoint and as the one of the two who put the stolen money in a paper sack. The defendant denied that he participated in the robbery and testified that he had not been in the tavern but was only coincidentally in the alleyway at the rear of the tavern at the time of his capture immediately following the robbery. He testified that the money in a paper sack taken from his person at the time of his arrest had been won from friends earlier in the day and that the gun, which the police officers testified he had dropped at the time he was apprehended, was not his. His accomplice, Robert Turnbow, was a witness for the defendant and testified that he had been convicted of the robbery but that he was the sole participant. On cross examination, he admitted to having been previously convicted of third degree burglary, public intoxication, vehicle taking, malicious trespass and disorderly conduct.

(1) Defendant relies upon our decision in *Kokenes* v. *State* (1938), 213 Ind. 476, 13 N. E. 2d 524 in support of his contention that he was deprived of a fair and impartial trial by reason of the affidavit containing two counts, one of which was an offense included in the other. In that case, by way of dicta, we stated that a defendant could not be *convicted* upon two counts if one was necessarily included in the other. We further commented that the judgment should have been guilty upon the count charging the greater offense but that since the sentences were to run concurrently, *perhaps* the error was harmless. The convictions were reversed upon other grounds. We acknowledge that the State cannot split up one crime and prosecute it in parts; but we are not here confronted with that situation. Rather, the offense charged in one count was necessarily included in the offense charged in the other. We do not perceive why the affidavit contained both counts, since only the greater count was required to authorize the giving of instructions upon both crimes and a conviction upon either. Likewise, if the defendant regarded the dual form of the affidavit as prejudicial, we do not perceive why he did not move the court to require the State to elect the count upon which it would prosecute or otherwise raise the question in the pleading stages. We think the dual form of the affidavit was error, since convictions upon both counts could not have been sustained. Here, however, there was a conviction upon but one of the two counts. The potential harm stemming from the error did not ripen. Identical circumstances were presented to us in *Carter* v. *State* (1951), 229 Ind. 205, 96 N. E. 2d 273. The appellant in that case had been convicted of robbery and armed robbery arising from a single act, and judgment was entered and the appellant sentenced upon both counts. The State, relying upon the aforementioned dicta from *Kokenes* v. *State, supra,* insisted that the error was harmless, since the sentences ran concurrently. We reconsidered our speculative comment in that case and held that the error was not harmless, in view

of the upper limit of the indefinite sentence for robbery (since reduced by our decision in *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815) exceeding the upper limit of a determinate sentence provided for armed robbery and the further possible difference in parole rights. The error, however, was rectified, not by reversing both convictions but rather by reversing as to the charge of robbery and affirming as to the charge of armed robbery. Counsel has presented us with neither authority nor logic to persuade us that the error deprived him of a fair and impartial trial. No evidence was admitted nor was any instruction given that would not have been equally admissible and applicable had only the greater offense been charged. Although we think the affidavit was erroneous in form, the error was rendered harmless by the verdict.

(2) After the jury commenced its deliberation, it returned with the folowing question directed to the court:

"Is Count I or Count II determinate or indeterminate in sentencing,".

In response thereto, the court in the presence of the prosecutor, the defendant and his counsel and by agreement of the parties, re-read two of the twenty-two final instructions that had been previously given. The two instructions so re-read defined the crimes and penalties for robbery and armed robbery. Defendant has cited us to several cases holding that needless repetition in instructions amount to an argument on the part of the court and may mislead the jury and that while such may not always be reversible error, it is always bad practice. We agree with such statements but do not see their application to the case before us. Here, the jury requested further instructions concerning the penalties that could be assessed. We, therefore, cannot say that the action of the court was needless. Further the defendant agreed to such action.

(3) The trial court gave the following final instruction without objection by the defendant:

"The credibility of a witness may be attacked by introducing evidence that the witness has been convicted of a crime. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness."

As recently stated in *Taylor* v. *State* (1972), 257 Ind. 664, 278 N. E. 2d 273, "An instruction in a criminal case is erroneous, as an invasion of the province of the jury, if it intimates an opinion of the credibility of a witness or the weight to be given to his testimony."

The instruction complained of correctly stated the law, as it was at the time of the trial[1]; but it would be difficult indeed to say that it does not also intimate an opinion upon the credibility of the witness, Turnbow, since he was the only witness to whom it could apply. The situation here is very similar to that in *Swanson* v. *State* (1944), 222 Ind. 217, 52 N. E. 2d 616, where the instruction was as follows:

"The law gives persons accused of crime the right to testify in their own behalf, but their credibility and the weight to be given to their testimony are matters exclusively for the jury. Therefore, in weighing the testimony of the defendant in this case, you have the right to take into consideration the manner of his testifying, the reasonableness or unreasonableness of his account of the transaction, and his interest in the result of the case, as affecting his credibility. You are not required to receive blindly the testimony of such accused person as true, neither are you at liberty to disregard his testimony, but you are to give it due consideration, and to determine whether or not his statements

---

1. Since modified by *Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N.E. 2d 210. Except as required by statute (1968 Repl. Burns Ind. Stat. Ann. § 1725, IC 1971, 34-1-14-14) prior convictions may be shown for impeachment of credibility, only if they involved dishonesty or false statements. The convictions permitted under the statute to be shown for such purpose are treason, murder, rape, arson, burglary, robbery, kidnapping, forgery and wilful and corrupt perjury.

are true, and made in good faith, or only for the purpose of avoiding conviction. 222 Ind. at 218-219, 52 N. E. 2d at 617.

Quoting from *Fletcher* v. *State* (1909), 2 Okl. Crim. 300, 101 P. 599, 23 L.R.A.N.S., 581, this court said:

'We think that it is error for the court to single out any special witness, personally, and burden his testimony with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely. Instructions as to the credibility of witnesses should be general and apply equally to all the witnesses for the state and defendant alike. Because a witness may be the defendant is no reason why he should be visited with condemnation upon the one hand, or clothed with sanctity upon the other. He is before the court as a witness and should be treated by both the court and the jury just as other witnesses are treated—no better and no worse.' 222 Ind. at 219, 52 N. E. 2d at 617-618." *Taylor* v. *State, supra,* 278 at 275-276.

Although the defendant did not object to the giving of the cautionary instruction, he now insists that it is grounds for reversal under the "fundamental error" doctrine of which we took cognizance in *Young* v. *State* (1967), 249 Ind. 286, 231 N. E. 2d 797 and in *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848. In *Wilson* v. *State, supra,* we permitted the appellant to raise issues on appeal not presented by his motion for a new trial; and in *Young* v. *State, supra,* we reversed upon an issue that had been overlooked by counsel both in the trial court and upon the appeal. In both cases, however, our failure to do so would have been to deny the appellant fundamental due process. Wilson had been so inadequately represented by incompetent or unconcerned counsel as to have been effectively denied counsel. Young was convicted by jury of a crime that did not exist, and the judgment was then modified by the court to an offense that was not included in the offense charged. We see no such blatant error in the proceedings before us. Counsel urges that the instruction complained of *mandated* the jury to disregard the testimony of the witness Turnbow, but we do not

agree. Although we hold the instruction to have been improper as an intimation of Turnbow's credibility, it clearly left the ultimate determination of that question to the jury. We, therefore, cannot say that such error was so fundamental as to require us to go against the well established rule that a matter cannot be raised for the first time on appeal. *Barnes* v. *State* (1971), 255 Ind. 674, 266 N. E. 2d 617.

The judgment of the trial court is affirmed.

Arterburn, C.J. and Givan and Hunter, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 284 N. E. 2d 812.