ROBERT ELIAS BLACK v. STATE OF INDIANA.

[No. 272A70. Filed September 21, 1972.]

310

*John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant was charged by affidavit with First Degree Burglary, convicted by a jury of House Breaking in

Daytime to Steal and sentenced to the Indiana State Prison for a term of one to fourteen years.

Defendant alleges seven errors: (1) Failure to swear the bailiff before the jury was placed in his charge as required by statute, (2) Insufficiency of the evidence, (3) Overruling Defendant's Motion to Quash the Affidavit, (4) Overruling Defendant's Motion to Dismiss, (5) Overruling Defendant's Pre-trial Motion for discovery of any statements the defendant made to police officers, (6) Overruling defendant's objection to a "leading question", and (7) Overruling defendant's objection to an instruction. Defendant also contends that he has, with due diligence, discovered new evidence which would entitle him to a new trial.

Defendant's first contention fails because there was no showing of any prejudice to his substantial rights. This falls squarely within the holding of *DeWeese* v. *State* (1972), 258 Ind. 520, 282 N. E. 2d 828.

Defendant next maintains that the evidence was insufficient. Our Supreme Court has repeatedly held, as in *Buise* v. *State* (1972), 258 Ind. 321, 281 N. E. 2d 93:

> "This Court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict of the trial court or jury. *Washington* v. *State* (1971), 256 Ind. 40, 271 N. E. 2d 888; *Davis* v. *State* (1971), 256 Ind. 46, 271 N. E. 2d 893; *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407; *Sharp* v. *State* (1970), 254 Ind. 435, 260 N. E. 2d 593; *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558; and *Langley* v. *State* (1968), 250 Ind. 29, 232 N. E. 2d 611. A conviction must be affirmed, if having applied the rule, there is evidence of probative value from which the trier of the facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Gann* v. *State* (1971), 256 Ind. 429, 269 N. E. 2d 381; *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89."

This court declines to weigh evidence or determine the credibility of witnesses for good reason. The trier of fact is in

a position to see, hear and observe the demeanor of the witnesses. This court is not in such advantageous position.

The court considers only the evidence most favorable to the appellee, because to do otherwise would be to usurp the function of the trier of fact. The evidence most favorable to the State is that Mrs. Velma L. Williams left home, locking her side door, at approximately 8:45 A.M. on December 15, 1970, to take her husband to work. When she returned, at about 9:00 A.M., the glass had been broken out of the side door and it was open. After telling her neighbor to call her husband and inform him that someone had broken in, she observed defendant leaving her house and later saw him get into his pickup truck. She yelled, "there's that man, there's that man." As defendant left, Mrs. Williams and her neighbor, Glenn Wilke, noted the truck's license number (16529Y). At trial, she identified the truck from pictures taken of it after the incident and from her observations made at defendant's place of employment shortly after the incident.

When the police arrived, Mrs. Williams accompanied them into the house. A color TV, which had been in a back bedroom, was found sitting by the open door.

Mrs. Williams identified the defendant from several pictures the police showed her shortly after the incident. She again identified him in open court during the trial.

There was also testimony to the effect that defendant had an alibi, that his pickup truck lacked a clutch, a wheel and tire at the time of the incident and that he possessed no motive for the crime.

The testimony of an eyewitness to a crime is sufficient to support a conviction. In *Bryant* v. *State* (1972), 257 Ind. 679, 278 N. E. 2d 576, the court held:

". . . it is settled law in this State, as well as in other jurisdictions, that a conviction can be supported by the identification of a single eye-witness."

Defendant next complains that the trial court erred in overruling his Motion to Quash the Affidavit. He contends that an affidavit must state the exact time of an offense, or at the very least, whether the offense was committed in the daytime or nighttime.

IC 1971, 35-1-23-10; Ind. Ann. Stat. § 9-1106 (Burns 1956) states:

> "The precise time of the commission of an offense need not be stated in the indictment or affidavit, but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offense; and when, with reference to a particular day, the words 'on or about' are used, the last two words 'or about' shall be regarded as mere surplusage."

Time is not of the essence in the crime of burglary. Indiana makes no distinction between day or nighttime in the First Degree Burglary Statute. Therefore appellant's contention is not well taken. *McAdams* v. *State* (1948), 226 Ind. 403, 81 N. E. 2d 671.

As a further ground in his Motion to Quash, defendant charges the affidavit failed to allege the actual *commission* of a felony.

A Burglary affidavit need not allege the commission of a felony. *Suter* v. *State* (1949), 227 Ind. 648, 88 N. E. 2d 386.

Defendant further argues that the affidavit alleges mere conclusions not adequate to apprise defendant of the nature of the charge against him. The affidavit states that defendant intended to:

> ". . . unlawfully, feloniously and knowingly obtain and exert unauthorized control over the property of the said Lawrence J. Williams and Velma L. Williams, Husband and Wife, intending to deprive said owners permanently of the use and benefit of said property."

Defendant relies upon *State* v. *Bridgewater* (1908), 171 Ind. 1, 85 N. E. 715, wherein the court said:

"It is not sufficient to state mere conclusions of law, and, in case a statute upon which a criminal prosecution is based defines the offense in generic terms, it will not suffice to charge the crime in the mere language of the statute, but the pleader will be required to resort to particulars." [Citations omitted].

The Court further stated, however:

"In criminal pleading, it has been held by this court, for a long period of time, that in a case in which the particular acts constituting the crime are clearly defined by the statute, as in the one here involved, it will be sufficient to charge the crime in the language of the statute." [Citations omitted].

This use of the Theft Statute language coupled with the State's answer to defendant's alibi notice, was adequate to inform the defendant of the nature of the charge.

Defendant's final reason for quashing the affidavit was that it failed to describe the property over which defendant allegedly intended to exercise control. The court, in *Suter* v. *State, supra,* said:

". . . it is not necessary [in a burglary affidavit] to state the kind or value of the goods intended to be stolen." [Citing cases].

Defendant's fourth allegation of error concerns the overruling of defendant's Motion to Dismiss. Defendant contends that the record fails to show that a neutral and detached magistrate made the finding of probable cause on the basis of a constitutionally acceptable probable cause affidavit, as required by *Kinnaird* v. *State* (1968), 251 Ind. 506, 242 N. E. 2d 500.

In the case at bar, since no evidence was seized during the arrest and none of the evidence adduced at trial was tainted, any error existing in the finding of probable cause was not prejudicial to the defendant and therefore is not reversible, *Wells* v. *State* (1971), 256 Ind. 161,

267 N. E. 2d 371, *Layton* v. *State* (1968), 251 Ind. 205, 240 N. E. 2d 489, and *Dickens* v. *State* (1970), 254 Ind. 388, 260 N. E. 2d 578.

Defendant's next contention of error rests upon the overruling of the second paragraph of Defendant's Motion to Dismiss. He alleges that the "Indiana Code of 1971" repealed all prior acts including the one under which he was convicted.

The Supreme Court, in *State ex rel. Pearcy* v. *Criminal Court of Marion County* (1971), 257 Ind. 179, 274 N. E. 2d 519, found the "Indiana Code of 1971" to be:

> ". . . nothing more than an *official* comprehensive compilation of all of the legislative Acts, just as Burns Annotated Statutes is a similar private compilation of the same laws. Moreover, the 'code' recognizes that each of its provisions is dependent upon some Act of the Indiana General Assembly, for we find continuous reference therein to 'Source.' Thus, the so called Code is only a comprehensive compilation of the viable existing statutory law of this State. Hence, each and every viable statute or section thereof contained therein, shall remain in effect unless or until repealed or amended by an Act of the General Assembly which satisfies the title and single subject requirements of Art. 4, § 19."

Thus, the "Indiana Code of 1971" did not repeal the statute in question.

Defendant next maintains that the trial court erred in overruling defendant's objection to the following question and answer.

> "Q. O.K. Hold it a minute. I think I have got you confused. I will ask you whether or not this [picture] truly and accurately represents the truck and license plate you saw in front of your house on that day?
> A. Yes, sir.
>
> Mr. Clouse: Mr. Kiely is leading his own witness, your Honor. We object on the ground that he is suggesting the answers he wants her to give.
>
> COURT: I will overrule your objection."

The witness having already described the truck and its license number and having identified the defendant, this question is merely cumulative and neither leading nor prejudicial. Therefore the trial court did not abuse its discretion.

Defendant next asserts that the trial court erred by giving State's Instruction No. 1, which reads:

"The credibility of a witness may be attacked by introducing evidence that the witness has been convicted of a crime. Evidence of this kind may only be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness."

Defendant argues that this instruction singles out particular witnesses and their testimony and is discriminatory because only the defendant and several of his witnesses were impeached by evidence of criminal convictions.

The above instruction is general in nature, applies equally to all witnesses and correctly states the law. It does not single out any specific witness. In those cases where similar instructions have been grounds for error, that referred either to a specific individual by his name or his relation to the lawsuit or specifically to certain testimony. *Jones* v. *State* (1878), 64 Ind. 473, *Lesueur* v. *State* (1911), 176 Ind. 448, 95 N. E. 239, *Leinberger* v. *State* (1933), 204 Ind. 311, 183 N. E. 798, *Garvin* v. *State* (1970), 255 Ind. 215, 263 N. E. 2d 371, *Spivey* v. *State* (1857), 8 Ind. 405, *Dedrick* v. *State* (1936), 210 Ind. 259, 2 N. E. 2d 409, *Webb* v. *State* (1972), 259 Ind. 101, 284 N. E. 2d 812, *Taylor* v. *State* (1972), 257 Ind. 664, 278 N. E. 2d 273.

Defendant's last contention is that a new trial should be granted because of newly discovered evidence. He attaches an affidavit wherein a defense witness partially recanted his testimony.

At trial, the witness testified that when defendant put up Christmas lights for him, a week to ten days before

Christmas, he was driving the truck. In the affidavit, he states that ". . . when Robert Elias Black came to my home on this occasion I am not certain that he was driving his truck, but he *may* have driven an automobile." (Our emphasis.)

In order to prevail however, defendant must show that the newly discovered evidence would reasonably and probably have resulted in a different verdict, *Taylor* v. *State* (1971), 256 Ind. 92, 267 N. E. 2d 60.

In view of the other evidence in the case at bar, such as the positive identification of the defendant by the victim, this minor change in the witness' story could not reasonably be expected to result in a different verdict.

Defendant waived his fifth specification of error by not discussing it in his brief. Appellate Rule 8.3.

There being no error at trial, the conviction must be and hereby is, affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported in 287 N. E. 2d 354.