**Anthony Dale JENKINS, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 983S347.**

Supreme Court of Indiana.

Nov. 27, 1985.

Stephanie Hawkins Smith, Todd, Walro, Collins & Smith, Madison, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Rape, a Class A felony, Burglary, a Class B felony and Battery Resulting in Serious Bodily Injury, a Class C felony. The trial court imposed a thirty (30) year sentence.

The facts are: Appellant entered the Madison, Indiana home of the victim, J.O., during the early morning hours. Entry was gained by forcing open a screened window in the living room. After entering, appellant obtained a steak knife from the kitchen and threatened to kill the victim. Appellant compelled the victim to leave the home and walk to a nearby vacant area where he raped and stabbed her twice. While administering the second blow appellant stabbed himself in the leg. He then fled.

A few hours later appellant appeared at the emergency room of the hospital in Scottsburg. He indicated the wound was a result of an altercation with an unknown

assailant in a park in Madison. The Scottsburg police were called and appellant was held until the Madison police arrived.

Appellant initially gave the Madison police two statements which indicated he was attacked by an unknown person. Later he recanted and gave the police two statements in which he admitted being in the home. He denied the rape and indicated he was aware that both he and the victim had been stabbed while they were in an area outside the home. He told the police he had blackouts during this period as a result of excessive drinking and a blow to the head. Thus his memory was unclear.

Appellant argues the evidence was insufficient to identify him as the perpetrator. In particular he emphasizes the fact the victim did not identify him in court. He also calls attention to what he categorizes as the highly circumstantial nature of the case.

This Court does not reweigh the evidence or judge the credibility of the witnesses. *Smith v. State* (1983), Ind., 454 N.E.2d 412.

■ The evidence at trial indicated the victim described her assailant to the police on the night of the incident. She repeated that description in court and it closely matched the appearance of appellant at the time of the incident. The evidence also included appellant's statement to the police which placed him in the victim's home and included his admission that he was aware that both he and the victim had been stabbed. The State offered evidence of blood tests which revealed appellant is among a class of men who could have committed the rape. The class consisted of thirty percent of the male population. We find this evidence to be sufficient to support the verdict.

■ Appellant contends the trial court erred when it permitted James Romack, a forensic serologist, to testify concerning the results of blood grouping tests performed on samples obtained from appellant and the vagina of the victim. These results indicated appellant was a member of the class noted above. Appellant argues the probative value of the evidence was far outweighed by its prejudicial effect on a case built upon circumstantial evidence. He suggests the use of this scientific evidence to identify him as a member of the class of persons who could have committed the crime is impermissible when the group is so large. He cites two New York cases for support. *People v. Macedonio* (1977), 42 N.Y.2d 944, 397 N.Y.S.2d 1002, 366 N.E.2d 1355; *People v. Borcsok* (1982), 114 Misc.2d 810, 452 N.Y.S.2d 814.

The trial court has wide latitude in ruling on the admissibility of evidence and in determining its relevancy. *Grimes v. State* (1983), Ind., 450 N.E.2d 512. Relevant evidence is that which tends to throw a light on the guilt or the innocence of a party or which has a logical tendency to prove a material fact. *Grimes, supra.* The fact that the probative value is weak and its tendency to demonstrate a material fact is slight goes to the weight of the evidence not its admissibility. *Grimes, supra.*

We find no abuse of discretion on the part of the trial court. The evidence was properly admitted.

Appellant avers the trial court erred when it denied his motion to suppress two incriminating statements made to the police. He contends the statements were not voluntary but were the product of an overborne will. He argues the following factors, taken together, demonstrate this claim: his youth and inexperience in dealing with skilled law enforcement personnel, his extensive drinking and drug ingestion on the evening preceding the incident, his lack of sleep from the night of August 27 until the evening of August 28 when the first incriminating statement was made, his leg wound and the medical treatment he received for it, and the fact he was subjected to several physical tests and interrogations from Saturday morning to early that evening.

Appellant had been taken into custody at approximately 6:00 a.m. on Saturday, August 28. After a complete set of warnings were provided and a waiver signed, appel-

lant gave the police a statement. In the statement he indicated his leg wound was the result of a fight with an unknown assailant in a park in Madison. At 10:00 a.m., appellant was again questioned and he repeated his story.

After that statement appellant was taken to a hospital where certain physical evidence in the form of body fluid was obtained. A polygraph was then administered. After a brief rest the police again began to interrogate appellant. At about 7:00 p.m. he was again given a full set of warnings and signed a waiver. At this time he gave the police a statement in which he admitted entering the home through a front window by pushing the screen material aside. He also admitted remembering being outside the home with the victim and realizing that both he and the victim had been stabbed. He told police he suffered blackouts as to the rest of the incident but denied raping the woman. On August 29, in the early afternoon, appellant provided the police with a fourth statement which essentially repeated the last statement of August 28.

 The record reveals appellant was fully warned prior to any statement and signed a waiver of those rights. Officers testified he was cooperative during the interrogations and did not resist their efforts to question him. There was no evidence that physical force or other forms of coercive actions were undertaken by the police. While there were several interrogations on that Saturday, none were of excessive length. Appellant had been incarcerated for several hours prior to the 7:00 p.m. statement, thus considerable time had passed since his last ingestion of drugs or alcohol. We find the evidence is sufficient to support the finding of the trial court that appellant voluntarily made the statement to the police.

The trial court is in all things affirmed.

All Justices concur.