Charles E. **PATRICK**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 53S00–8609–CR–831.

Supreme Court of Indiana.

Dec. 17, 1987.

Patrick M. Schrems, Deputy Monroe County Public Defender, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Robbery, a Class B felony. Appellant was also found to be an habitual offender. He received a sentence of fifteen (15) years on the robbery charge, which was enhanced by twenty (20) years by reason of his status as an habitual offender.

The facts are: On October 14, 1985, Michael Abbitt was an attendant at the Swifty Gas Station, at the corner of Second and Walker in Bloomington, Indiana. Two men entered the gasoline station and one of them, later identified as appellant, asked Abbitt to get him cigarettes. When Abbitt obtained a pack of cigarettes, appellant then decided he wanted a carton. When Abbitt obtained a carton, he again changed his mind and decided he wanted a pack of Camel cigarettes. When Abbitt again returned to the cigarette counter, he was struck over the head repeatedly with the leg from a wooden chair. As he lay on the floor semiconscious, Abbitt felt money being removed from his pocket.

Shortly thereafter, Michelle Ross pulled into the service station and observed two men walking around the building. She found Abbitt bleeding profusely and covered with blood.

Later, after police received a description of the men who had been in the service station at the time of the robbery, Abbitt was shown a photographic lineup. He immediately selected appellant's picture and identified him as one of the robbers. Abbitt also identified appellant at trial. At trial appellant did not testify but presented two alibi witnesses who testified that he was in their trailer at the time of the robbery.

Appellant claims the trial court erred in denying his motion for mistrial when during closing arguments the prosecuting attorney stated "[t]he defendant hasn't shown any remorse in this case. He hasn't shown any remorse that...." At that time, counsel for appellant objected to the prosecutor's remarks and asked that a mistrial be declared. The trial court instructed the jury to disregard the statements of the prosecutor and instructed the jury that the appellant had "no burden whatsoever, to prove anything and that includes any obligation to present to you any evidence of remorse." The trial court then denied the motion for mistrial.

Appellant cites cases that hold that it is error to comment on a defendant's election not to testify in his own defense, citing *Griffin v. California* (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. He also cites the Indiana case of *Flowers v. State* (1985), Ind., 481 N.E.2d 100. However, in the case at bar, we do not have a direct comment on appellant's failure to testify. Appellant was in the courtroom during his trial and the jury might well have interpreted the prosecutor's remarks to refer to the demeanor of appellant during the trial. The prosecutor's remarks nevertheless were improper and the trial

court acted correctly in instructing the jury to disregard them.

In the case at bar, appellant was presenting the defense that he did not commit the crime, going to the extent of presenting alibi witnesses. Under such circumstances, it was ridiculous for the prosecuting attorney to be referring to possible remorse. One could not expect a defendant who had not committed the crime to demonstrate remorse. Given the fact that the comment of the prosecutor was improper, it does not follow automatically that a mistrial should have been granted.

In *Woodrum v. State* (1986), Ind.App., 498 N.E.2d 1318, Judge Neal made an accurate evaluation of this type of situation and correctly stated the law in Indiana to be that even though the prosecuting attorney's actions constituted misconduct, an appellant must show that such action "put him in a position of grave peril. This standard is measured by the probable persuasive effect the alleged misconduct had on the jury's decision and whether there were repeated instances of misconduct which would evidence a deliberate attempt to improperly prejudice the defendant." *Id.* at 1325–26. Judge Neal went on to say, "Where the court adequately admonishes the jury and the prosecutor, which cures any alleged error, the extreme action of a mistrial is not warranted." *Id.* at 1326.

We hold the admonition in the case at bar was adequate to cure any harm done by the improper conduct of the prosecutor.

Appellant claims the trial court erred in refusing to give his Tendered Instruction No. 1. This instruction purported to cover the manner in which the jury would weigh the testimony of the identification witness. This instruction was specifically directed to the testimony of Abbitt.

■ The court gave as its Final Instruction No. 14 a general instruction concerning the manner in which the jury would weigh the credibility of the witnesses and the evidence which they presented. A trial court should not single out a particular witness or group of witnesses in an instruction. *Beasley v. State* (1977), 267 Ind. 396, 370 N.E.2d 360. Even if we would assume for the sake of argument that appellant's Tendered Instruction No. 1 could properly have been given, it was not necessary to do so when the trial court had covered the subject matter by another instruction. *Bricker v. State* (1976), 264 Ind. 186, 341 N.E.2d 502.

The trial court did not err in refusing appellant's Tendered Instruction No. 1.

■ Appellant claims the evidence is insufficient to support the verdict. He claims that the identification by Abbitt did not take into consideration a scar on his face, the color of his beard or the silver caps on his teeth. He claims this lack of detail renders Abbitt's testimony "vacillating, contradictory and uncertain." Whereas here the testimony of the identifying witness was not only positive at trial, but evidence showed the witness had immediately and positively identified a photograph of appellant when shown a lineup shortly after the robbery. The failure of the witness to point out the detail of appellant's physical description is of no moment.

The evidence in this record is sufficient to support the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.