**Bruce Thomas PERRY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 45S00-8707-PC-652.

Supreme Court of Indiana.

June 15, 1988.

David Olson, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is a belated appeal from a 1984 conviction of appellant. A bench trial resulted in appellant's conviction of Rape, a Class A felony, for which he was sentenced to a term of thirty (30) years and Attempted Murder, a Class A felony, for which he was sentenced to thirty-five (35) years, the sentences to be served concurrently.

On May 3, 1983, the victim, V.T., worked at the polls during the primary election. During the day, appellant was at the poll where V.T. was working. After the polls closed, V.T. attended some parties where she also saw appellant. At one time during the evening, appellant asked V.T. for a

ride, but she refused. In the early morning hours, V.T. picked up her four-year-old son and returned to her apartment. She pulled out a sofa-bed, and both she and the child went to sleep. She was awakened by appellant climbing on top of her and holding his hand over her mouth. He wore a nylon stocking over his face. He called the child by name and told him to go upstairs. By light coming through the window, V.T. recognized appellant from her previous encounters with him.

Appellant bound V.T.'s wrists, then used a knife to cut off her bra. He then raped her. During the rape, he cut her throat several times with a knife; she feigned death in the hope that he would cease the attack. Later at the hospital, the knife wounds required seventeen stitches to close. At the time of trial, V.T. had not fully regained the use of her neck.

Appellant claims the trial court erred when it allowed the testimony of V.T.'s son who, by the time of trial, had attained the age of five years. He recognizes that Ind. Code § 34–1–14–5 allows the testimony of a child under ten years of age if the trial court can discern that the child understands the nature of an oath. However, appellant claims that the record in this case demonstrates that the child did not in fact understand the nature of the oath and should not have been permitted to testify.

It is apparent from this record that Judge Kimbrough very carefully examined the child and when he asked the child what would happen if he did not tell the truth the child said he would get "in trouble." The judge then said, "Would you get punished for not telling the truth?" To which the boy answered, "Yeah." Appellant claims the child did not understand the language used in a full oath administered to an adult. This of course is not the intent of the statute nor is it a realistic approach to the practical problem of ascertaining whether a small child understands that he is to tell the truth. Judge Kimbrough's questioning was entirely proper and we find no abuse of discretion in permitting the child to testify. *LeMaster v. State* (1986), Ind., 498 N.E.2d 1185.

Appellant claims the trial court erred in admitting evidence of laboratory tests made on sperm stains, hair samples, and blood and saliva-type tests. He claims these tests were of no probative value in that they only served the purpose of placing the perpetrator of the crime in a large portion of the general population. Although the tests did not conclusively establish that appellant was the perpetrator of the crime, they did have probative value in that they placed the perpetrator of the crime in the same group of persons to which appellant belonged. The tests thus had some probative value to support the testimony of the victim as to the identity of appellant. Under these circumstances, we cannot say that the trial court abused its discretion in allowing the test results into evidence. *Jenkins v. State* (1985), Ind., 485 N.E.2d 625.

Appellant claims the trial court erred in finding appellant guilty of attempted murder. He claims the State failed to establish a specific intent to commit murder. In the case at bar, appellant slashed V.T.'s throat several times during the rape. The fact that it required seventeen stitches to close the wounds demonstrates that they were not "merely a sexual aberration" as claimed by appellant. Not only did the wounds require stitches, but they left V.T. partially impaired at the time of the trial. The intent to kill may be inferred from the intentional use of a deadly weapon in a manner likely to cause death. *Brumley v. State* (1986), Ind., 492 N.E.2d 281. The testimony of V.T. is sufficient to demonstrate that the wounds were not accidentally inflicted by appellant. There is ample evidence in this record from which the trial court could determine that appellant purposely inflicted the wounds. We will not second-guess the trial court in this regard. *Id.*

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.