**Anthony D. SANDERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8708–CR–753.

Supreme Court of Indiana.

June 28, 1988.

Michael T. Conway, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was charged with Attempted Murder, a Class A felony. He waived jury trial. A bench trial resulted in a finding of guilty as charged.

The facts are: On January 3, 1986, there was a social party at 4025 North Butler in Indianapolis. Appellant attended the party. During the course of the evening, things progressed to the point where the owner of the house ejected the party goers. As they moved out into the street, a fight broke out. The victim in this case, one Antwine Tucker, was not involved in the fighting but was standing across the street observing the fighters.

Suddenly appellant left those fighting, ran across the street, wrapped his arms around Tucker, struck him in the back, and then ran from the scene. Tucker immediately fell to the ground and was unable to walk. He was carried to a nearby home where it was discovered he had a severe knife wound to his back. He was then transported to the hospital where it was discovered that the wound extended through the spinal cord and through a major artery leading to the heart. The broken knife blade was still in the wound.

Appellant claims the evidence is insufficient to support the findings and judgment of the court. Appellant takes that position since none of the witnesses could testify they observed him in possession of a knife nor could they say that he had a knife in his hand when he struck Tucker in the back. He thus reasons that this Court should declare the evidence insufficient under the authority of *Manlove v. State* (1968), 250 Ind. 70, 232 N.E.2d 874. However, appellant misconstrues *Manlove*. In that opinion, Justice Hunter correctly stated that it was the duty of the trier of fact at the trial level to exclude every reasonable hypothesis of innocence of the defendant when evidence was circumstantial. However, Justice Hunter went on to point out that it was improper for this Court to

substitute its weighing of the evidence for that of the trial court when there was conflicting evidence.

*Manlove* does not stand for the proposition that this Court will reweigh the evidence on appeal. In fact, the exact opposite is true. What *Manlove* does stand for is that when there is a total lack of sufficient evidence to tie an appellant to the crime of which he stands convicted, it is necessary for this Court to reverse such a conviction. This is not the situation in the case at bar. Here witnesses observed Tucker standing across the street from where the fight was taking place. Appellant ran to Tucker, grabbed him, struck him forcefully in the back, and then ran from the scene.

There is no evidence that Tucker was otherwise engaged in any of the altercation, and the evidence is that he was not struck by any one other than appellant either before or after appellant's attack. Immediately after being struck by appellant, Tucker was found to have the wound above described. The inescapable conclusion as found by the trial court was that appellant did in fact inflict the wound. Once this was established, the trial court was justified in finding the intent to commit murder as inferred from the deliberate use of a deadly weapon in a manner reasonably likely to cause death. *Brumley v. State* (1986), Ind., 492 N.E.2d 281. There is ample evidence in this record to support the decision of the trial court.

Based upon his above contentions, appellant also claims the findings and judgment of the trial court are contrary to law. For the reasons stated above, the findings and judgment of the trial court are entirely in keeping with the existing law in this state.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.