**Gerald G. MYERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 79S02–8901–CR–30.

Supreme Court of Indiana.

Jan. 17, 1989.

Susan Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

## ON CRIMINAL PETITION FOR TRANSFER

DICKSON, Justice.

The State has petitioned for transfer, arguing that the Memorandum Decision of the Court of Appeals, 525 N.E.2d 1295, is inconsistent with the following language from our decision in *Greene v. State* (1987), Ind., 515 N.E.2d 1376, 1382:

> The trial court gave most of the tendered instruction as final instruction No. 19 but excluded the last portion. The later part of Greene's instruction is an incorrect statement of the law. *Mills v. State* (1987), Ind., 512 N.E.2d 846 (circumstantial evidence need not exclude every reasonable hypothesis of innocence).

Prior to *Greene*, Indiana cases had observed the distinction between the law which governs trial courts and that which governs appellate courts regarding convic-

tions based solely on circumstantial evidence. While exclusion of every reasonable hypothesis of innocence is not the proper appellate standard of review in sufficiency matters, it is the correct standard at trial and a defendant is entitled to an instruction accordingly. *Spears v. State* (1980), 272 Ind. 634, 401 N.E.2d 331, *modified on other grounds* 272 Ind. 647, 403 N.E.2d 828. *See also Sanders v. State* (1988), Ind., 524 N.E.2d 794.

This important distinction was properly recognized by the Court of Appeals below in its decision to affirm the theft conviction but to reverse and remand for a new trial on the burglary charge, the evidence in support of which was entirely circumstantial.

To the extent that inadvertent language in *Greene* may be viewed otherwise, it is hereby overruled.

The State's petition to transfer is denied.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.