Andrew W. CARIE, Defendant–
Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 53A01–0009–CR–304.

Supreme Court of Indiana.

Jan. 9, 2002.

Susan K. Carpenter, Public Defender of Indiana, J. Michael Sauer, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

On Petition To Transfer

PER CURIAM:

Petition for transfer denied.

DICKSON, Justice, dissenting from denial of transfer.

This case presents an opportunity for this Court to clarify and direct the bench and bar regarding whether to instruct a jury in criminal cases that a conviction "may rest upon the uncorroborated testimony of the victim." A majority of my colleagues have decided to deny transfer in this case. There is a significant variance between the trial objection and the issues raised on appeal. Notwithstanding this concern, I would grant transfer to enable this Court to express its disapproval of the future use of such an instruction.

At the defendant's trial for molesting an eleven-year-old girl, one of the court's final instructions to the jury stated: "A conviction for child molesting may rest upon the uncorroborated testimony of the victim." Record at 561. This instruction should be avoided for several reasons: it improperly refers to the State's witness as "the victim;" it improperly emphasizes a single piece of evidence and may be understood to advise the jury to ignore other evidence; its use of the legal term "uncorroborated" may confuse or mislead the jury; and it imports a standard of appellate review not appropriate for jury consideration.

In criminal cases, particularly those in which the defendant disputes the nature or cause of harm inflicted, or challenges whether an alleged crime occurred, it is reasonable for a prosecutor to refer to the person harmed as the "victim," notwithstanding the defense counsel's preference for a different designation. But the court must remain neutral. "A trial judge must maintain an impartial manner and refrain from acting as an advocate for either party." *Beatty v. State*, 567 N.E.2d 1134, 1136 (Ind.1991). By referring to the complaining witness as "the victim," the instruction implies to the jury that the trial judge accepts as truthful the complaining witness's contentions regarding the alleged incident. The trial court thereby improperly expresses approval of the State's case and invades the province of the jury.

The instruction also improperly highlights the testimony of one witness. Instructions that unnecessarily emphasize one particular evidentiary fact, witness, or phase of the case have long been disapproved. *See Dill v. State*, 741 N.E.2d 1230, 1232 (Ind.2001); *Perry v. State*, 541 N.E.2d 913, 917 (Ind.1989); *Patrick v. State*, 516 N.E.2d 63, 65 (Ind.1987); *Coleman v. State*, 465 N.E.2d 1130, 1133 (Ind. 1984); *Fehlman v. State*, 199 Ind. 746, 755, 161 N.E. 8, 11 (Ind.1928); *Danville Trust Co. v. Barnett*, 184 Ind. 696, 700, 111 N.E.

429, 431 (1915). " '[A]n instruction directed to the testimony of one witness erroneously invades the province of the jury when the instruction intimates an opinion on the credibility of a witness or the weight to be given to his testimony.' " *Pope v. State*, 737 N.E.2d 374, 378 (Ind.2000)(quoting *Fox v. State*, 497 N.E.2d 221, 225 (Ind.1986)); *see also Webb v. State*, 259 Ind. 101, 105–07, 284 N.E.2d 812, 814–15 (Ind.1972)(finding error, although not fundamental error, in the trial court giving an instruction declaring that the credibility of a witness could be attacked by evidence that the witness had been convicted of a crime where the instruction applied only to one witness). *But see Black v. State*, 153 Ind.App. 309, 316, 287 N.E.2d 354, 358 (1972) (holding that where several witnesses were impeached by evidence of prior convictions there was no error in giving an instruction concerning the effect of prior convictions on the weight to be given to a witness's testimony). By training the jury's attention on the complaining witness's testimony, the instruction communicates the trial judge's apparent determination of credibility. Just as instructions directing the jury to question accomplice or paid informant testimony have been disapproved, so should we disapprove the use of the instruction here. *See, e.g., Sherwood v. State*, 702 N.E.2d 694, 698 & n. 2 (Ind.1998)(rejecting tendered instruction that stated that the testimony of an accomplice, "who provides evidence against a Defendant for immunity or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses"); *Brown v. State*, 671 N.E.2d 401, 409–10 (Ind.1996)(disapproving tendered instruction that stated that the testimony of an alleged accomplice and a person who provides evidence for pay, immunity, or personal advantage or vindication "must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses").

Further, the meaning of the legal term "uncorroborated" in this instruction is likely not self-evident to the lay juror. Jurors may interpret this instruction to mean that baseless testimony should be given credit and that they should ignore inconsistencies, accept without question the witness's testimony, and ignore evidence that conflicts with the witness's version of events. Use of "uncorroborated" without a definition renders this instruction confusing and of dubious efficacy.

Finally, the instruction expresses an appellate level of review that is not well suited for application by the jury at trial. " 'The mere fact that certain language or expression [is] used in the opinions of this Court to reach its final conclusion does not make it proper language for instructions to a jury.' " *Drollinger v. State*, 274 Ind. 5, 25, 408 N.E.2d 1228, 1241 (Ind.1980)(quoting *Jacks v. State*, 271 Ind. 611, 394 N.E.2d 166, 174 (Ind.1979)); *see also Dunlop v. State*, 724 N.E.2d 592, 595 (Ind. 2000); *Spence v. State*, 429 N.E.2d 214, 216 (Ind.1981); *Meek v. State*, 629 N.E.2d 932, 933 (Ind.Ct.App.1994); *cf. Myers v. State*, 532 N.E.2d 1158, 1159 (Ind.1989). In the appellate review of claims alleging that a trial court judgment is not supported by sufficient evidence, we often observe that a conviction may rest upon the uncorroborated testimony of the victim. *E.g., Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind.2000). This observation is not, however, relevant to the issues before a jury in a criminal trial. Its usefulness as an appellate guideline does not justify its use as a jury instruction.

For the foregoing reasons this instruction should not be given. I acknowledge, however, that this Court has allowed similar instructions to survive appellate review.

In *Lottie v. State,* 273 Ind. 529, 532–33, 406 N.E.2d 632, 636 (Ind.1980), this Court declined to find error in the giving of a similar instruction.[1] It rejected the claim that the instruction "invited the jury to give undue weight to the testimony of the victim," noting the adequacy of other instructions, the fact that the challenged instruction was not mandatory, and that the instruction was likely helpful to the jury. *Id.* at 533, 406 N.E.2d at 636. A jury instruction informing the jury that the defendant may be convicted on the uncorroborated testimony of the victim was also permitted in *Hicks v. State,* 536 N.E.2d 496, 499 (Ind.1989), despite a claim that it invaded the province of the jury and gave tacit approval of the victim's testimony. Without substantive discussion of these claims, these opinions noted the adequacy of other principal instructions and found no error. I believe that the Court today would decline to find *Lottie* and *Hicks* to be controlling precedent, and would find the giving of such an instruction to be improper.

---

1. In *Lottie,* the instruction stated: "A person may be found guilty of the crime of rape upon the uncorroborated testimony of the victim." 273 Ind. at 532, 406 N.E.2d at 636.