Michael E. STEELE, Appellant,

v.

STATE of Indiana, Appellee.

No. 21S00–8606–CR–573.

Supreme Court of Indiana.

Feb. 24, 1988.

Rehearing Denied May 6, 1988.

Susan K. Carpenter, Public Defender, Hilary Bowe, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant being found guilty of Dealing in a Controlled Substance. He received a sentence of fifteen (15) years.

The facts are: Indiana State Trooper Bryson received word from an informant, Grant Newton, that he had arranged to purchase drugs from appellant. Trooper Bryson met with Newton, searched his vehicle for drugs, and followed him to appellant's residence in Connersville, Indiana. Newton was equipped with a body transmitter and Trooper Bryson parked in a coin shop parking lot nearby in order to receive the radio transmission from Newton. In the conversation transmitted to Bryson, the transaction was made for six Percodan pills at four dollars each and Newton handed appellant $24.00. Newton then drove back to the Connersville State Police Post where he met Trooper Bryson and handed him the drugs received in the transaction.

■ Appellant claims the trial court erred in permitting Trooper Bryson to relate the conversation between appellant and Newton which he heard over the radio. It is appellant's position that the tape recording of the radio communication was the best evidence and that Bryson should not have been allowed to give oral evidence of the conversation. Appellant is in error in this regard. Bryson was not testifying as to the content of the tape which had been made of the radio conversation. He was testifying to what he personally heard over the radio. This situation does not involve the best evidence rule as far as the tape is concerned. Bryson was in fact giving the best evidence of what he had personally heard. *Jackson v. State* (1980), 274 Ind. 297, 411 N.E.2d 609. The court did not err in permitting Trooper Bryson to testify.

■ Appellant claims the evidence does not support the verdict of the jury because the State's case relied entirely on the statements of a convicted felon who faced additional pending felony charges. Appellant correctly recites the situation of informant Newton. Newton's factual situation was thoroughly gone into both upon direct examination and on cross-examination, thus the question of Newton's credibility was placed before the jury. It was for them to determine whether or not his testimony was to be believed. This Court will not invade the province of the jury. *Herrod v. State* (1986), Ind., 491 N.E.2d 538.

We would further observe that Newton's testimony was supported by the testimony of Trooper Bryson, who heard Newton's conversation with appellant. There is ample evidence in this record to support the verdict of the jury.

■ Appellant claims the trial court failed to justify the aggravating circumstances to support enhancing the sentence from ten (10) years to fifteen (15) years. When the trial court originally sentenced appellant on March 30, 1984, he ordered that appellant's sentence should run consecutively to the sentence he was serving at that time. However, on October 24, 1984, the court modified the sentence by ordering that the fifteen (15) year sentence should run concurrently with the sentence appellant was then serving.

Appellant now takes the position that this modification was not an amendment of the original sentence but was a new sentence to take its place and therefore the reasons stated by the trial judge in enhancing appellant's sentence from ten (10) to fifteen (15) years had been stricken and the new sentence did not give adequate reason for enhancement. We do not accept this view of the corrected sentence. In modify-

ing the original sentence, the trial court made no change in the sentence for the instant crime. He merely changed his ruling from a consecutive sentence to a concurrent sentence. The judge's original reasons for enhancing appellant's sentence were that the offense was committed while appellant was on bond, and that appellant had repeated offenses of dealing in controlled substances while he was out on bond. These reasons are still in the record of this case and are adequate to support the enhanced sentence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.