**Terry L. PERRY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 54S00–8702–CR–205.**

Supreme Court of Indiana.

July 31, 1989.

**914**

June D. Oldham, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of three counts of Dealing in a Schedule II Controlled Substance, Class B felonies, for which he received three twenty (20) year sentences, each enhanced by thirty (30) years by reason of his status as an habitual offender.

The facts are: On January 28, 1985, Rick Robinson, an informant, met with State Police Officers Snider and Peevler for the purpose of placing a telephone call to appellant. Robinson testified that he called appellant and inquired about purchasing some cocaine and crystal, also known as methamphetamine. Using $25 of buy money, Robinson visited appellant in his trailer and purchased some crystal, then returned to the car where Officer Peevler was waiting.

The following evening Robinson called appellant to arrange another drug purchase, and police recorded their conversation.

Robinson and Officer Snider drove to appellant's trailer, and Robinson purchased more crystal and ten pills with $85 of the buy money supplied by police. Expert testimony established that the drugs Robinson obtained were all schedule II controlled substances.

Appellant argues he was denied due process of law because he was convicted despite the fact that he was incompetent to stand trial. He filed a motion suggesting he was incompetent to stand trial due to the fact that he has a history of serious drug abuse and he had lost touch with reality due to his consumption of pain killers prescribed after his recent surgery.

■ The test of competence to stand trial is whether the defendant has sufficient present ability to consult his lawyer with a reasonable degree of rational understanding and whether he has a rational and factual understanding of the proceedings against him. *Perry v. State* (1984), Ind., 471 N.E.2d 270. The trial court has discretion to determine whether there are reasonable grounds to believe the accused is incompetent to stand trial and that decision will be reviewed only for an abuse of that discretion. *Hurley v. State* (1983), Ind., 446 N.E.2d 1326.

The trial court conducted a hearing to determine appellant's competence to stand trial. At the hearing, appellant testified that he was "high" and that he felt lightheaded. He also stated that Officer Peevler had given him a $30 bag of heroin each day that he had been in jail, which Officer Peevler denied doing. He could answer questions on direct and cross-examination, though some of his answers seemed irrational or were *non sequiturs*. He was asked whether he was groggy that morn-

ing, and he replied, "Am I groggy, no I'm not groggy!" He was told to just answer the question, and he responded, "No, yes, I'm groggy." He then said he felt high.

The trial court ordered that the trial be continued for a day so that blood tests could be taken from appellant and analyzed. The results of the blood tests showed that valium was present in appellant's system in an amount that was a therapeutic level, and no heroin was in his blood. The trial court made the following determination:

"... From what I've seen in Court and what I've heard in the way of evidence in the last two days, leads me to believe that Mr. Perry very well understands the proceedings and he knows what's going on and knows what he's doing. He is continually talking to his attorney and giving him suggestions and asking him to make statements and do things. I think he is, in fact, assisting in his defense and assisting in the proceedings of the case and I do not, although some of the behavior is unusual or out of the ordinary, I do not believe it rises to the level of any suggestion of incompetency."

The trial court found there were no reasonable grounds to believe that appellant lacked the ability to understand the proceedings or to assist in the preparation and conduct of his case.

The trial judge was in the best position to observe appellant's demeanor and determine whether he had a rational understanding of the proceedings. We find no abuse of discretion under these circumstances. *Perry, supra.*

█ Appellant argues the trial court's refusal to admit into evidence results of a polygraph examination and related exhibits denied him a fair trial. At trial, Roger Sloane testified that it was he who sold drugs to Robinson at appellant's trailer, not appellant. In an offer to prove away from the jury, Lieutenant Wilson testified that he administered polygraph examinations to Sloane and it was his opinion that Sloane was telling the truth about who sold drugs to Robinson.

No stipulation was made by the parties concerning the admission of the polygraph examination results. Appellant acknowledges precedent that absent a stipulation, the results of polygraph examinations are inadmissible, citing *Evans v. State* (1986), Ind., 489 N.E.2d 942. He asserts, however, that in light of the holding in *Rock v. Arkansas* (1987), 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37, the test results should have been admitted despite the lack of a stipulation.

In *Rock,* the trial court refused to admit the defendant's hypnotically-induced testimony that her gun had misfired and she was convicted of manslaughter. The Supreme Court held that in applying a state rule of evidence which automatically excluded all hypnotically-induced testimony, the trial court must evaluate whether the interests served by the rule justify the limitation imposed on the defendant's constitutional right to testify. *Id.* at 54, 107 S.Ct. at 2711, 97 L.Ed.2d at 49. It was determined that the Arkansas law which excluded such testimony *per se* denied a criminal defendant's right to testify on his or her own behalf. Appellant believes his case is analogous to *Rock* and the polygraph evidence should have been admitted.

Appellant's case is distinguishable from *Rock* in several aspects. It was a defense witness's testimony, and not appellant's, which was excluded at trial. Additionally, the content of the excluded testimony was admitted when Sloane testified; the purpose of the proffered polygraph examination results was to bolster the credibility of Sloane's testimony. We have held that the degree of accuracy of polygraph examinations is not sufficient to mandate their admission on the question of guilt or innocence absent some form of waiver or stipulation by the parties. *Vacendak v. State* (1976), 264 Ind. 101, 340 N.E.2d 352. The trial court did not err in excluding the evidence.

█ Appellant contends the trial court erroneously admitted State's Exhibits Nos. 1 through 5 into evidence. The exhibits were packets which contained the con-

trolled substances purchased by Robinson from appellant. Appellant objected to their admission at trial on the basis that an insufficient chain of custody had been established.

The record shows that Robinson gave the drugs to police officers after he obtained them on January 28 and 29 of 1985. Officer Snider kept the drugs in his squad car until they were mailed to the State Police Laboratory on January 30, 1985. Appellant maintains that because Officer Snider admitted that there may have been other people in his car while the drugs were kept there, the State failed to show that the evidence passed through the various hands in an undisturbed condition.

At trial, appellant challenged the chain of custody on the ground that the certified mail receipt had been lost and the evidence may have been contaminated between the time Officer Snider put it in the mailbox to the time it arrived at the laboratory. No objection to the chain of custody was made on the ground that the evidence may have been contaminated while in Officer Snider's car. Appellant cannot base his current allegation of error on an unrelated objection made at trial. *Lewis v. State* (1987), Ind., 511 N.E.2d 1054.

Additionally, the chain of custody was sufficiently established at trial. The proper showing of a chain of custody must give reasonable assurance that the property passed through the hands of the parties in an undisturbed condition. *Gorman v. State* (1984), Ind., 463 N.E.2d 254. The State's burden in an attack on the validity of a chain of custody is to show the continuous whereabouts of the evidence. The mere potential for tampering does not make the evidence inadmissible, and the State is not required to exclude every possibility of tampering. *Robles v. State* (1987), Ind., 510 N.E.2d 660.

Officer Snider testified that his vehicle could be used for personal purposes and that he occasionally transported prisoners and other officers in it. When he was asked whether he transported anyone in his vehicle during the period in which he kept the drugs there, he replied, "Not that I recall." He stated that if he had transported someone else, they would not have had the opportunity to tamper with the drugs because the drugs would have been secured. He further stated that he kept the car locked when it was not in use and no one would have been in his car unless he was present. Appellant's allegation raises a mere potential for tampering, if that. We find no error in the admission of State's Exhibits 1 through 5.

Appellant claims the evidence was insufficient to sustain his convictions. He argues the testimony of Robinson was inherently incredible and unworthy of belief because he admitted he received a favorable plea bargain in exchange for his testimony. He also states that Robinson's testimony was unbelievable because an informant's testimony is highly suspect and Sloane admitted selling him the drugs.

On a claim involving the sufficiency of the evidence, we will not reweigh the evidence nor judge the credibility of the witnesses. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068. The jury heard Robinson testify that certain charges against him were dropped in exchange for his testimony. The jury was able to observe the demeanor of Robinson and Sloane and ascertain their credibility. We will not invade their province and determine whom to believe. *Steele v. State* (1988), Ind., 519 N.E.2d 559. We find sufficient evidence exists to support appellant's convictions.

Appellant contends the trial court improperly refused his Proposed Instruction No. 2. He acknowledges that the instruction failed to comply with Ind.Code § 35-37-2-2(6) in that it was not signed by either himself or his attorney, but he asserts that the issue should not be waived because the trial court committed fundamental error by refusing the instruction.

Appellant's tendered instruction stated that an informant's testimony should be weighed by the jury with greater care and caution than the testimony of ordinary witnesses, and they should consider any bias the informant may have. It warned that they should never convict any defendant

upon the unsupported testimony of an informant unless they believe his testimony beyond a reasonable doubt. He cites cases in which the language of his tendered instruction is found.

The choice of instructions lies largely within the discretion of the trial court. We will reverse only where there is shown to be an abuse of discretion. *Gross v. State* (1987), Ind., 506 N.E.2d 17. The mere fact that certain language or expressions are used in the opinions of this Court to reach its final conclusion does not necessarily make it proper language for instructions to a jury. *Drollinger v. State* (1980), 274 Ind. 5, 408 N.E.2d 1228.

The record shows the jury was instructed on the general principles of determining the credibility of the witnesses. An instruction directed to the testimony of one witness erroneously invades the province of the jury when it intimates an opinion on the credibility of a witness or the weight to be given to his testimony. *Fox v. State* (1986), Ind., 497 N.E.2d 221. Because appellant's tendered instruction improperly singled out the testimony of a witness, we find no fundamental error occurred in its refusal.

■ Appellant argues his motion for continuance should have been granted. He states that his defense was that it was Sloane who sold the drugs to Robinson. Sloane testified that persons whom he knew as Steve and Clarence were present when he sold drugs to Robinson. In April of 1986, the State obtained tape-recorded statements from Sloane in which he inculpated himself and stated that Steve and Clarence were present when he sold Robinson the drugs. Appellant filed a motion to produce the tape recordings and was not allowed to review them until June 4, 1986. He filed a continuance on June 10, 1986 for the purpose of locating Steve and Clarence. He now asserts the testimony of Steve and Clarence was crucial to his case because it would have corroborated Sloane's testimony.

A motion for continuance based upon an alleged need to have time for trial preparation is addressed to the trial court's discretion. The granting of continuances in order to allow more time for preparation generally is not favored without a showing of good cause, and only will be granted in furtherance of justice. *Bryan v. State* (1982), Ind., 438 N.E.2d 709.

The trial court denied appellant's motion for the reason that the availability of Sloane was equal for both sides and the defense had ample opportunity to investigate whether witnesses named Steve and Clarence existed because the transaction occurred in appellant's home when he was present. Because the defense could have sought information about Steve and Clarence through Sloane or appellant himself, we find no abuse of trial court discretion in denying appellant's motion for continuance.

■ Appellant argues the trial court erroneously denied his motion for mistrial. He requested a mistrial on the basis that after the jury was selected, the local newspaper published a story on the front page about the possibility that he was under the influence of heroin and that he engaged in a scuffle with police. In response to appellant's motion, the trial court conducted *voir dire* of each juror separately as to whether he or she read the article or heard a news broadcast on the subject. Five of the jurors responded that they had seen the headline but had not read the article. The other jurors had no knowledge of the article. The trial court concluded that the jurors had followed the admonition and although some had seen the headline, appellant had shown no prejudice because none had read the article. Appellant contends the trial court should have granted his motion for mistrial or further admonished the jury.

The granting of a mistrial lies within the sound discretion of the trial court and will be reversed only upon a showing of clear error. *Bedwell v. State* (1985), Ind., 481 N.E.2d 1090. A mistrial is an extreme remedy and is warranted only where lesser-curative measures will not suffice. *Wallace v. State* (1985), Ind., 486 N.E.2d 445.

No evidence exists that a single juror read the article. The jury was instructed

on preliminary and final instructions that they should not read or listen to news accounts, and they should confine their attention to the court proceeding and reach a verdict solely upon what they hear and see in court. Because appellant has not shown how he was prejudiced by the pretrial publicity, we find no abuse of trial court discretion in denying his motion for mistrial.

■ Appellant contends Exhibit Nos. 10 and 11 were improperly admitted at trial. The exhibits consisted of Indiana State Police evidence vault logs which listed the dates on which the drugs were received by certified mail, the times at which they were removed and replaced, and by whom. Officer Smith, who analyzed the controlled substances, testified that he made some of the entries on the logs. Other markings on the logs were made by persons other than Officer Smith. Appellant made hearsay objections to the exhibits on the basis that the persons other than Officer Smith who made entries on the logs were not present and subject to cross-examination. He asserts that the business records exception to the hearsay rule is inapplicable because the State failed to establish the proper foundation.

An exhibit qualifies under the business records exception to the hearsay rule when the sponsor of the exhibit shows that it is part of the records kept in the routine course of business and placed in the record by one authorized to do so who had personal knowledge of the transaction represented at the time of entry. The exception does not mandate that the sponsor of the exhibit personally made it, filed it, or had first-hand knowledge of the transaction represented by it. *Kinnel v. State* (1985), Ind., 476 N.E.2d 825.

In appellant's case, Officer Smith testified that the log sheets were filled out and maintained in the normal course of business with the Indiana State Police. He stated that Connie Faust, the evidence custodian, is the only person who has access to the vault. He explained that a log is kept which records when evidence is removed and returned to the vault and that some of the entries on the log were made by him-

self and some were made by persons other than himself.

All of the records on the log show that they were entered by "CF," whom we can deduce is the evidence custodian, Connie Faust. Therefore, the evidence adduced at trial established that the logs were made by persons authorized to do so and who had personal knowledge of the transactions represented at the time of entry. *McBrady v. State* (1984), Ind., 459 N.E.2d 719; *Smith v. State* (1983), Ind., 455 N.E.2d 606. We find the foundation was properly established to admit the evidence under the business records exception of the hearsay rule.

■ Appellant asserts reversible error occurred when the trial court gave Final Instructions 1 and 2. Instruction No. 1 stated that one who knowingly aids another in committing an offense is liable even if the other person has not been prosecuted or convicted of the offense or has been acquitted of the offense. Instruction No. 2 stated that if they find appellant gave aid to the person who committed the offense, they may find him guilty of the offense as a principal. Appellant alleges he was prejudiced by the instructions because they allowed him to be charged on one theory of prosecution and convicted on another.

A defendant may be charged as a principal and convicted on evidence that he aided in the commission of the crime. Instructions on an accused's liability as an accessory are proper when the accused is charged as a principal, assuming that the evidence supports such instructions. *Johnson v. State* (1988), Ind., 518 N.E.2d 1073.

In appellant's case, Sloane testified that it was he who sold the drugs to Robinson from appellant's trailer. He also stated that appellant had telephoned him and told him that Robinson wanted to buy some drugs when he came to appellant's home. Instructions No. 1 and 2 were properly given to the jury.

Appellant argues he did not have sufficient notice of the habitual offender charge against him. At the habitual offender hearing, appellant complained that he was uninformed as to which offenses the State

would use as the basis of his habitual offender charge because they had failed to file a formal habitual offender information.

The record shows that an affidavit for habitual offender status was filed on May 16, 1985 in which the prosecutor alleged that on September 29, 1978 appellant was convicted of four counts of attempted forgery and four counts of attempted possession of a controlled substance for which he received four five-year terms and four two-year terms respectively, and on March 1, 1976 appellant was convicted of second degree burglary for which he received a sentence of two to five years. The affidavit then cited the habitual offender statute, Ind.Code § 35–50–2–8. Upon appellant's objection during the habitual offender stage, the prosecutor stated that he had a file-marked copy of the affidavit showing it was filed May 16, 1985. The trial court stated that the court's file contained the original affidavit but the docket did not reflect its filing. The offenses upon which the State relied in establishing appellant's habitual offender status were those listed in the affidavit.

Appellant is correct that a defendant has a right to reasonable notice and the opportunity to be heard regarding the habitual offender charge. *Gillie v. State* (1984), Ind., 465 N.E.2d 1380. The allegation of habitual criminal must contain all the procedural matters and safeguards of the original and underlying charges in that they are brought by sworn affidavit contained in an information and endorsed by the prosecuting attorney, setting out the facts sufficient and adequate for the defendant to defend himself and giving him an opportunity to plead to such allegations. *Griffin v. State* (1982), Ind., 439 N.E.2d 160, *modified on other grounds, Bailey v. State* (1985), Ind., 472 N.E.2d 1260.

In appellant's case, the habitual offender status was charged on a page separate from the information, it was sworn and signed by the prosecutor, and it described the prior offenses they intended to prove. We find appellant had reasonable notice of the allegation of habitual offender to adequately defend himself.

Appellant contends the trial court abused its discretion in denying his motion to reduce bail and alter the terms of bail. He contends his $62,000 bond was unreasonable because he never had failed to appear in court in the past, he had ties in the community and family members were willing to post bond for him.

The amount of bail is within the sound discretion of the trial court and will be reversed only for an abuse of discretion. *Holland v. Harger* (1980), 274 Ind. 156, 409 N.E.2d 604. In denying appellant's motion, the trial court found fault in appellant's proposal, stating a professional bondsman should be primarily responsible for appellant's appearance in court and the real estate offered by appellant's family to help post bond was located outside of Montgomery County. Additionally, appellant was facing a potential lengthy sentence and an habitual offender charge, along with unrelated theft and conversion charges. We find no abuse of trial court discretion in denying appellant's motion to reduce bail.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.