**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 17 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PHILIP R. SKODINSKI**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DELLIA CASTILE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1112-CR-583 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable J. Woodward Miller, Judge
Cause No. 71D01-1111-FB-198

**July 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD, Senior Judge**

## STATEMENT OF THE CASE

Appellant Dellia Castile stands charged with three counts of neglect of a dependent resulting in serious bodily injury, class B felonies. Ind. Code § 35-46-1-4(b) (2007). She contends that the trial court wrongly declined to reduce the bail initially set to assure her appearance. We affirm.

## FACTS AND PROCEDURAL HISTORY

Castile and four of her grandchildren lived in South Bend with Castile's son, Terry Sturgis, Sr., who had four of his own children and another child for whom he had custody. The children ranged in age from four to seventeen. Appellee's App. p. 7. Sturgis had a habit of abusing this group of nine kids. He was known to beat them with a table leg, burn them with a clothes iron or a heated screwdriver, and employ a homemade torch made with a can of roach spray. Id. at 8. While Castile opposed this treatment and even sometimes paid Sturgis to stop, she never reported this abuse to any authority. Id. at 8-9.

Law enforcement and emergency medical personnel made a run to Castile's residence on November 4, 2011, on a report that ten-year-old T.S. was unresponsive. The child had multiple contusions and burns, a severely broken arm, and other injuries both old and new. Id. at 7. T.S. was declared dead at the hospital. Castile later acknowledged knowing about how Sturgis treated the children. Id. at 9. The State charged Sturgis with murder and battery in the death of T.S. and other charges related to a different child.

The State charged Castile with neglect resulting in serious bodily injury, and the court initially set bond at $150,000 surety or $15,000 cash. Castile subsequently moved to reduce her bond, urging that $10,000 surety or $1000 cash was sufficient to ensure her attendance at trial. The court ordered a further "bond screen" and additional inquiry by the probation department as a way of assessing Castile's situation, and it conducted a hearing on Castile's request. The court noted that Castile was relatively new to the community, had a prior criminal conviction that had subsequently come to light, was facing non-suspendable time and likely consecutive sentences, and planned to post bond using the money she received for the care of the children under Temporary Assistance for Needy Families. Tr. pp. 23-24. The court denied Castile's request.

## DISCUSSION AND DECISION

Counsel for Castile correctly observes that a criminal defendant has a constitutional right to bail pending trial. Ind. Const. art. I, § 17. When a court determines the amount of bail, the Indiana Code directs that it consider an amount necessary to assure the defendant's presence in court or to assure the physical safety of another person or the community. Ind. Code § 35-33-8-4(b) (2011).

Decisions about the amount of bail are assigned to the sound discretion of the trial court. Perry v. State, 541 N.E.2d 913 (Ind. 1989). Appellate courts review such decisions on the basis of abuse of discretion, by which is meant whether the trial court's decision is "clearly against the logic and effect of the facts and circumstances." Smith v. State, 754 N.E.2d 502, 504 (Ind. 2001).

Here, Castile contends that the trial court should have afforded lower bond in light of her medical circumstances, which include an affliction with sleep apnea, a cataract which needs care, her use of a wheelchair to aid mobility, and her need for a variety of medications. Appellant's Br. p. 2.

The statutes declare that multiple facts and circumstances are relevant to a bond decision. These include ties to the community, the ability to make bond, the defendant's condition, any prior criminal record, and the source of funds to be used in posting bond. See Ind. Code § 35-33-8-4.

Castile is thus correct that her medical condition was a legitimate factor reflecting on what bond should be set. On the other hand, just how serious these conditions are when analyzed in the context of the ability to flee is a matter on which the trial judge who actually saw Castile is in a far better position to assess than we are. Moreover, the fact that Castile faced relatively long and non-suspendable time if convicted, her brief residence in the community, and her plan to post bond using funds meant for the benefit of the children were legitimate grounds for not reducing the bond originally set.

## CONCLUSION

It is apparent that the trial judge and the court's probation department made appropriate effort to collect information relevant to Castile's request. On balance, we think Castile has not demonstrated that the court abused its discretion in deciding to leave her bond as first set.

We therefore affirm.

ROBB, C.J., and CRONE, J., concur.

4