# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CHARLES COLE,                       )
                                    )
    Appellant-Defendant,           )
                                    )
      vs.                       )    No. 49A02-1308-CR-680
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.            )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose D. Salinas, Judge
Cause No. 49G14-1308-FD-50017

**November 13, 2013**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Charles Cole appeals the trial court's order increasing his bail to $10,000. Cole raises one issue, which we revise and restate as whether the court abused its discretion by increasing his bail. We reverse.[1]

## FACTS AND PROCEDURAL HISTORY

On July 31, 2013, Cole was arrested for possession of methamphetamine. He appeared before the court for an initial hearing at which bond was set in the amount of $2,500 surety. The State submitted a written motion which indicated in part that it was awaiting the results of laboratory examinations done on physical evidence recovered in the case and requested a continuance of the initial hearing. The court continued the initial hearing to August 5, 2013. On August 2, 2013, the State charged Cole with possession of methamphetamine as a class D felony.

On August 5, 2013, the initial hearing was resumed, at which the court informed Cole of the charges, advised him of his rights, and entered a plea of not guilty on his behalf. The court also swore Cole in and Cole gave the court his address in Indianapolis and his home phone number. When asked its position on bond, the State indicated at first that it would defer to the court, noting that Cole had multiple warrants issued in prior cases and had an extensive criminal history, of which the court was aware, and then requested that the court "leave bond as set." Transcript at 7. The court again set bond at $2,500 surety, cited Cole's "eight page criminal history," told him he needed $250.00 to make his bond, and asked him if he could make his bond. Id. at 9. Cole responded that

---

[1] On October 24, 2013, Cole provided notice to this Court that he was no longer a pre-trial detainee as he entered into a plea agreement in this cause and was sentenced on October 18, 2013. He also moved this Court to proceed with his appeal as a matter of great public interest. Through this opinion, we grant his motion.

he didn't know, and that he "hope[d] so." Id. at 8. The court then appointed "the public defender," gave Cole a card with the Public Defender's Office information, and set Cole's next court date for August 22. Id. Defense counsel, who was in the courtroom, requested a bond reduction. At first the trial court denied the request, but after defense counsel persisted, the court allowed counsel to proceed. Cole then testified that he was employed part time doing odd jobs working for himself, that he thought he could pay $150 toward a bond, and that he was not currently on probation or parole. The State declined to cross-examine Cole. Upon questioning by the court, and after the court gave him a copy of his criminal history, Cole stated that he had been convicted of public intoxication in 1987, resisting law enforcement in 1990, forgery in 1990 for which he received five years executed, public intoxication in 1992 and 1993, auto theft in 1993, operating vehicle while intoxicated in 1993, operating vehicle with no proof of insurance in 1995, driving while suspended in 1996, operating vehicle while suspended as habitual violator in 1998, operating vehicle after license forfeited for life in 1998, operating vehicle after license forfeited for life as a class C felony in 2010 for which he received three years executed, and burglary as a class C felony in 2010 for which he received three years executed. The State again declined to cross-examine Cole. Defense counsel then argued that Cole had never been convicted of a violent offense and had not failed to appear for a court date since 2004, and requested that bond be reduced to $1,500 surety. The State requested only that bond not be reduced. The court stated its disagreement with defense counsel's characterization of some of Cole's offenses as being non-violent, and noted that the purposes of bond are to satisfy the court that a defendant will likely

return to court and to assure the safety of the community.  Citing Cole's two class C felony convictions in 2010 for which he received three years, and observing that he was facing three years in prison, the court increased his bond to "$10,000 surety." Id. at 16.

## ISSUE AND STANDARD OF REVIEW

The issue is whether the trial court abused its discretion by increasing Cole's bail to $10,000.  "The amount of bail is within the sound discretion of the trial court and will be reversed only for an abuse of discretion." Sneed v. State, 946 N.E.2d 1255, 1257 (Ind. Ct. App. 2011) (citing Perry v. State, 541 N.E.2d 913, 919 (Ind. 1989)).  An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Id.

## DISCUSSION

Cole asserts that the court abused its discretion by increasing his bail to $10,000 *sua sponte* without a showing of good cause for the increase, that no new evidence supported the court's decision, and that the bail amount for a class D felony is unusually high and twice as high as the maximum provided by the bail schedule under the Marion County local rules.  The State maintains that the court did not abuse its discretion in setting Cole's bail.

The Marion County local criminal rules provide under class D felony bail amount provisions, "Class D Felony - Own Recognizance (OR) up to $2,500 Surety, $2,500 10% PR, or $250 Cash Bond," and "[t]he bail schedule amounts shall double, up to a maximum of $5,000, for each of the following circumstances: 1. The defendant is not a Marion County resident, 2. The defendant has one or more failures to appear, 3. The

4

defendant has one or more prior felony convictions, . . . ."  Marion Superior Court

Administrative Rule LR49-CR00-108.[2]

The Indiana Constitution prohibits excessive bail.  IND. CONST. art. 1, § 16.  The

Indiana Supreme Court has stated that bail is excessive if set at an amount higher than

reasonably calculated to ensure the accused party's presence in court.  Sneed, 946 N.E.2d

at 1257 (citing Hobbs v. Lindsey, 240 Ind. 74, 79, 162 N.E.2d 85, 88 (1959)).  Ind. Code

§ 35-33-8-4(b) provides in part that "[b]ail may not be set higher than that amount

reasonably required to assure the defendant's appearance in court or to assure the

physical safety of another person or the community if the court finds by clear and

convincing evidence that the defendant poses a risk to the physical safety of another

person or the community."  Ind. Code § 35-33-8-4(b) also provides that in setting bail the

judicial officer shall take into account all facts relevant to the risk of nonappearance and

includes a non-exhaustive list of factors to consider.  The factors include:

> (1)    the length and character of the defendant's residence in the community;
>
> (2)    the defendant's employment status and history and his ability to give bail;
>
> (3)    the defendant's family ties and relationships;
>
> (4)    the defendant's character, reputation, habits, and mental condition;
>
> (5)    the defendant's criminal or juvenile record, insofar as it demonstrates instability and a disdain for the court's authority to bring him to trial;

---

[2] We do not suggest that a bond set outside of a trial court's bond schedule is presumably unreasonable.  See Samm v. State, 893 N.E.2d 761, 765 (Ind. Ct. App. 2008) (citing Mott v. State, 490 N.E.2d 1125, 1127 (Ind. Ct. App. 1986).

(6)     the defendant's previous record in not responding to court appearances when required or with respect to flight to avoid criminal prosecution;

(7)     the nature and gravity of the offense and the potential penalty faced, insofar as these factors are relevant to the risk of nonappearance;

(8)     the source of funds or property to be used to post bail or to pay a premium, insofar as it affects the risk of nonappearance; and

(9)     any other factors, including any evidence of instability and a disdain for authority, which might indicate that the defendant might not recognize and adhere to the authority of the court to bring him to trial.

Ind. Code § 35-33-8-5 governs the alteration or revocation of bail. Ind. Code § 35-33-8-5(a) provides in part: "Upon a showing of good cause, the state or the defendant may be granted an alteration or revocation of bail by application to the court before which the proceeding is pending." Ind. Code § 35-33-8-5(b) provides:

When the state presents additional:

(1)     evidence relevant to a high risk of nonappearance, based on the factors set forth in [Ind. Code § 35-33-8-4(b)]; or

(2)     clear and convincing evidence:

   (A)     of the factors described in IC 35-40-6-6(1)(A) and IC 35-40-6-6(1)(B);[3] or

   (B)     that the defendant otherwise poses a risk to the physical safety of another person or the community;

---

[3] Ind. Code § 35-40-6-6(1)(A) and (B) provide:

(A)     that an act or threat of physical violence or intimidation has been made against the victim or the immediate family of the victim; and

(B)     that the act or threat described in clause (A) has been made by the defendant or at the direction of the defendant . . . .

the court may increase bail.

Cole's bail was initially set at an initial hearing on July 31, 2013 at $2,500 surety. At the hearing on August 5, 2013, the court and the State were aware of Cole's extensive criminal history, and the State requested that the court "leave bond as set." Transcript at 7. The court then set bond at $2,500 surety. Cole indicated he hoped he could make bond. After counsel was appointed to represent him, Cole testified as to his employment and that he thought he could come up with $150.00, and the State declined to cross-examine him. The court questioned Cole regarding his prior convictions, and counsel requested a reduction of bail. The State again declined to cross-examine Cole and requested only that his bail not be reduced.

The State did not make any request or application for an increase of Cole's initial bail amount or present any additional evidence in support of such an increase under Ind. Code § 35-33-8-5(b). Thus the State did not make a "showing of good cause," Ind. Code § 35-33-8-5(a), in support of an alteration of bail. Further, the court was aware of Cole's criminal history when it affirmed the original setting of bail and again set bail at $2,500 surety. There was no additional evidence presented to the court to support an increase in bail, much less a quadruple increase. The State does not point to any other statutory authority which would support the trial court's order increasing Cole's bail. The requirements for increasing bail under Ind. Code § 35-33-8-5 were not satisfied, and the trial court abused its discretion in increasing Cole's bail from $2,500 surety to $10,000 surety.

## CONCLUSION

For the foregoing reasons, we conclude that the trial court abused its discretion in increasing Cole's bail from $2,500 surety to $10,000 surety, and we therefore reverse the trial court.

Reversed.

NAJAM, J., and MATHIAS, J., concur.