

FILED

Nov 29 2018, 7:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony J. Johnson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 29, 2018 <br><br> Court of Appeals Case No. <br> 18A-CR-1753 <br><br> Appeal from the Bartholomew <br> Circuit Court <br><br> The Honorable Kelly S. Benjamin, <br> Judge <br><br> Trial Court Cause No. <br> 03C01-1803-F3-1704 |

**Bailey, Judge.**

# Case Summary

Anthony J. Johnson ("Johnson") appeals the trial court's order increasing his bail bond from $175,000 to $500,000. Johnson raises one issue on appeal which we restate as whether the trial court abused its discretion when it increased his bail bond.

We affirm.

# Facts and Procedural History

On March 28, 2018, a detective with the Columbus Police Department ("CPD") filed a probable cause affidavit in which he swore as follows. On January 30, 2018, and February 28, 2018, the CPD used a confidential informant ("CI") to conduct controlled buys of methamphetamine from Johnson. The CI conducted two more controlled buys of heroin from Johnson on March 21, 2018, and March 22, 2018. During the latter buy, Johnson forced the CI to remove her clothes so he could check for a wire. Initially, the CI removed only her shirt and bra, but Johnson forced her to remove her pants. Johnson forcibly put his fingers in the CI's vagina and pulled her towards him. The sergeant conducting the strip search of the CI afterwards noticed blood in the CI's underwear that was not there before the buy. The CI reported that Johnson scratched her vagina. She was then transported to the hospital for a sexual assault exam. Johnson was arrested on March 23, 2018, and after

transporting him to the jail, the officer found methamphetamine and heroin in the back of his police car.

[4] The State charged Johnson on March 28, 2018, with rape, as a Level 3 felony;[1] two counts of dealing methamphetamine, as Level 3 felonies;[2] two counts of dealing in a narcotic drug, as Level 5 felonies;[3] possession of methamphetamine, as a Level 5 felony;[4] and possession of a narcotic drug, as a Level 5 felony.[5] On May 14, 2018, Johnson filed a motion to reduce his bail bond, which had been set at $175,000, and the court held a hearing on that motion on May 17.

[5] Johnson testified at the hearing as follows. He is 39 years old and has lived in Indiana for thirteen or fourteen years. His mother still lives in Brooklyn, New York, but he has four children who live in Columbus, Indiana. Johnson is ordered to pay child support but owes an unknown amount in arrearage. Johnson was last employed in 2017 and held that job for approximately one month. Before that job, he did not have consistent employment and worked at a series of temporary jobs. Johnson's girlfriend's sister had promised him a job upon his release from jail. Johnson has arrests or convictions in Kentucky,

---

[1] Ind. Code § 35-42-4-1(a).

[2] I.C. § 35-48-4-1.1(a), (d).

[3] I.C. § 35-38-4-1(a)(1).

[4] I.C. § 35-48-4-6.1(a), (b).

[5] I.C. § 35-48-4-6(a), (b).

New York, and Delaware, in addition to previous convictions in Indiana. In addition, in the past Johnson has failed to appear for two hearings in two different Indiana criminal cases.

[6] Detective Kelly Hibbs ("Det. Hibbs") of the CPD testified as follows at the bond reduction hearing. After Johnson's arrest, the CI was assaulted by three people, sustaining injury to her head and a black eye. Det. Hibbs listened to recorded phone calls made by Johnson from the Bartholomew County Jail and was able to connect Johnson's communications to the assault of the CI. Johnson used the code words "wine stain" in reference to the CI and stated that, if the "wine stain" was "cleaned up" before his trial, he would be "good." Tr. at 24. Two of the perpetrators of the assault were in custody at the time of the bond hearing, while the police continue to search for the other perpetrator.

[7] During the jail phone calls Det. Hibbs heard Johnson express a concern for his girlfriend's safety and arrange for her to obtain a gun. CPD officers executed a search warrant for Johnson's residence and found several firearms. Det. Hibbs testified that Johnson's "access to firearms is apparently readily available," and, based on Johnson's phone calls from jail, Det. Hibbs did not believe that Johnson "will do anything legally when he gets out." Tr. at 22.

[8] At the conclusion of the hearing, the State asked the court to consider an increase in Johnson's bail bond. After summarizing the testimony, the trial court granted the State's request, stating:

> The Court is concerned regarding safety to the community and the C.I. who was involved in this case and also the alleged victim of the rape. The Court is concerned with the phone conversations that have been discussed here today between Mr. Johnson and other people in this community. The Court is not going to stand for any type of initiation or contribution to people being harmed in this community and finds that type of action a sincere threat to the community.
>
> The Court does not believe that a bond reduction is appropriate. I'm going to deny that. In fact, I think given the circumstances that have been set forth here today, the Court is going to raise the bond to Five Hundred Thousand or Ten Percent cash.

Tr. at 27. This appeal ensued.

# Discussion and Decision

[9] The amount of bail is within the sound discretion of the trial court and will be reversed only for an abuse of discretion. *Cole v. State*, 997 N.E.2d 1143, 1145 (Ind. Ct. App. 2013). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id*. The Indiana Constitution prohibits excessive bail. IND. CONST. art. 1, § 16. Bail is excessive if it is set at an amount higher than reasonably calculated to ensure the accused party's presence in court. *Cole*, 997 N.E.2d at 1145. The inability of the accused to procure the amount necessary is not a factor that, on its own, renders the amount unreasonable. *Lopez v. State*, 985 N.E.2d 358, 361-62 (Ind. Ct. App. 2013) (citing *Mott v. State*, 490 N.E.2d 1125, 1128 (Ind. Ct. App. 1986)), *trans. denied*.

[10]     The Indiana Code provides that "[b]ail may not be set higher than that amount reasonably required to assure the defendant's appearance in court *or to assure the physical safety of another person or the community*" if the court finds that the defendant poses a risk to the physical safety of either another person or the community. I.C. § 35-33-8-4(b) (emphasis added). The statute further provides a non-exhaustive list of factors for the trial court to consider:

> (1) the length and character of the defendant's residence in the community;
>
> (2) the defendant's employment status and history and the defendant's ability to give bail;
>
> (3) the defendant's family ties and relationships;
>
> (4) the defendant's character, reputation, habits, and mental condition;
>
> (5) the defendant's criminal or juvenile record, insofar as it demonstrates instability and a disdain for the court's authority to bring the defendant to trial;
>
> (6) the defendant's previous record in not responding to court appearances when required or with respect to flight to avoid criminal prosecution;
>
> (7) the nature and gravity of the offense and the potential penalty faced, insofar as these factors are relevant to the risk of nonappearance;

(8) the source of funds or property to be used to post bail or to pay a premium, insofar as it affects the risk of nonappearance;

(9) that the defendant is a foreign national who is unlawfully present in the United States under federal immigration law; and

(10) any other factors, including any evidence of instability and a disdain for authority, which might indicate that the defendant might not recognize and adhere to the authority of the court to bring the defendant to trial.

I.C. § 35-33-8-4. The trial court *may increase bail where* the State provides clear and convincing evidence that *the defendant poses a risk to the physical safety of another person or the community*. I.C. § 35-33-8-5(b) (emphasis added). Moreover, a court "*may not* reduce bail if the court finds by clear and convincing evidence … that the defendant otherwise poses a risk to the physical safety of another person or the community." I.C. § 35-33-8-5(c) (emphasis added).

[11] Here, the trial court did not abuse its discretion by increasing Johnson's bail because the State requested such an increase[6] and provided clear and convincing evidence that Johnson posed a risk to the physical safety of the CI. Det. Hibbs's testimony established that, after Johnson's incarceration, he arranged for the assault of the CI who he is accused of raping. At Johnson's direction, three people assaulted the CI, resulting in two stitches on the back of

---

[6] This fact distinguishes Johnson's case from *Cole v. State*, where the State never requested an increase in bail and the State failed to present evidence to support such an increase. 997 N.E.2d at 1146-47.

her head and a black eye.  And Johnson had ready access to firearms, as indicated by his arrangement for his girlfriend to obtain a gun and the firearms the police found when they searched his residence.  The trial court did not abuse its discretion when it credited Det. Hibbs's assessment that Johnson was unlikely to obey the law upon release from jail.  Given Det. Hibbs's testimony—in addition to the facts that Johnson had a spotty employment history, had a criminal history in four different states including Indiana, had a history of failing to appear for other criminal proceedings, and faced significant criminal charges—we cannot say the trial court's decision was against the logic and effect of the facts and circumstances before it.  I.C. § 35-33-8-4(b), (c); *Cole*, 997 N.E.2d at 1145.

[12]    Affirmed.

Mathias, J., and Bradford, J., concur.