

**FILED**
Jul 08 2019, 9:18 am
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Talisha Griffin
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mark Riley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 8, 2019

Court of Appeals Case No.
18A-CR-2015

Appeal from the Marion Superior
Court

The Honorable Jose Salinas, Judge

Trial Court Cause No.
49G14-1708-F6-29694

**Robb, Judge.**

# Case Summary and Issue

[1] Mark Riley's bail was increased after he failed to appear at a pre-trial conference because he was incarcerated on another matter. Riley appeals the trial court's order, raising the following restated issue for our review: whether the trial court abused its discretion by imposing an additional amount of bail without request or evidence supporting the increase. Concluding the trial court abused its discretion because the increase was ordered in contravention of statutory requirements, we reverse.

# Facts and Procedural History

[2] On August 12, 2017, Riley was arrested after officers responded to a call from a gas station about a possible overdose and he was found to be in possession of heroin and a syringe. Riley posted a $250 cash bond and was released from jail. On August 14, the trial court found probable cause and ordered bond set at the $250 cash posted. The State charged Riley with unlawful possession of a syringe and possession of a narcotic drug, both Level 6 felonies, in Marion Superior Court.

[3] Riley did not personally appear at a pre-trial conference set for July 25, 2018, although his public defender appeared on his behalf. On that date, Riley was in the Marion County Jail serving a sentence in another case. The court had the following discussion:

[Bailiff]: He's not being held on our case. So that's most likely why he wasn't brought over, Judge.

[Court]: Okay. Interesting. All right. Well, we will just reset this then. . . .

[Bailiff]: Should we put a bond on him so they'll bring him?

* * *

[Defense Counsel]: I don't think we can hold him if it's just because the jail is not bringing him over or put a bond on him.

[Court]: But if we need to get him into court – I mean, let's – let's do this. I'm going to issue a bond in the amount of $100.00 cash. And then we'll set it – you said his release date is?

[Defense Counsel]: . . . August 31st.

[Court]: Okay. So we'll bring him back sometime between now and then and hopefully that will get him over here.

[Defense Counsel]: Can you show that over our objection?

[Court]: Yeah.

Transcript, Volume II at 5-6. The notes on the court's minute sheet show "bond $100.00 to get [defendant] brought over." Appellant's Appendix, Volume II at 43. The trial court set another pre-trial conference for August 8. On August 8, Riley appeared in court and requested a bond review. The trial court took the motion under advisement and set another pre-trial conference for

August 29.  On August 21, Riley filed a notice of appeal, challenging the July 25 order imposing the additional bond.  Riley notes in his brief that after he filed his notice of appeal, the trial court released Riley on his own recognizance. *See* Brief of Appellant at 7.

# Discussion and Decision

[4]  Indiana Code section 35-33-8-4(b) states that bail "may not be set higher than that amount reasonably required to assure the defendant's appearance in court[.]"  The amount of bail is within the sound discretion of the trial court and will be reversed only for an abuse of discretion.  *Johnson v. State*, 114 N.E.3d 908, 910 (Ind. Ct. App. 2018).  An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it.  *Id*.

[5]  Riley was already subject to a $250 cash bond when he failed to appear at a pre-trial conference because he was incarcerated on another case.  He contends the trial court abused its discretion in ordering an additional $100 bond for his failure to appear through no fault of his own.  Indiana Code section 35-33-8-5(a) allows the court to alter bail upon a showing of good cause.  However, to increase bail, the State must move for such alteration and present certain evidence.  Ind. Code § 35-33-8-5(b).  Neither occurred here.  "The State

generally agrees that the trial court, under a strict reading of the statute, improperly set the bond in this case." Brief of Appellee at 9.[1]

[6] We, too, agree the trial court abused its discretion here. The State made no request to increase Riley's bail, and other than the fact that Riley did not appear in court on this date because he was in jail and the jail did not transport him, the State did not present any additional evidence relevant to a high risk of his non-appearance in court. *See* Ind. Code § 35-33-8-5(b)(1). The requirements for increasing bail were not met, and the trial court therefore abused its discretion in increasing Riley's bail by $100.

[7] This abuse of discretion caused no harm to Riley, however. The trial court was clear that it was imposing the additional bond only to ensure the jail transported Riley to the next hearing and specifically scheduled the next hearing to be held before he was due to be released from jail in the other case. Riley was not held in jail longer than he was supposed to be on the other case due to the bond, and he never had to pay the bond because the trial court released him on his own recognizance when he next appeared in court. In trying to craft a solution to the jail's failure to transport Riley, the trial court should have observed the principle of Occam's Razor: the simplest answer is often correct. In this case, the simplest answer to the problem of the jail failing to transport Riley for his

---

[1] The State urges us to hold this case is moot. *See* Brief of Appellee at 7-8. Although we agree Riley cannot be granted any effective relief at this point, we nonetheless address the merits of his appeal. *See Cole v. State*, 997 N.E.2d 1143, 1144 n.1 (Ind. Ct. App. 2013) (addressing the issue of whether the trial court improperly increased bail even after the appellant notified the court that he was no longer detained).

pre-trial conference would have been to order the jail to transport him for the next hearing.

# Conclusion

[8] The trial court abused its discretion in sua sponte increasing Riley's bail to ensure the jail transported him to court on his next hearing date. The trial court's order is reversed.

[9] Reversed.

Baker, J., and Najam, J., concur.