## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 30 2020, 11:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

F. Aaron Negangard
Chief Deputy Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Brandon Loper,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 30, 2020

Court of Appeals Case No.
19A-CR-2449

Appeal from the Vanderburgh
Circuit Court

The Honorable Carl. A. Heldt,
Senior Judge

Trial Court Cause No.
82C01-1908-F5-5837

**Pyle, Judge.**

# Statement of the Case

James Loper ("Loper") appeals the denial of his motion to reduce bond. At Loper's probable cause hearing, the trial court initially set his bail at $10,000 surety or $1,000 cash. The State then charged Loper with three Level 5 felonies and three Level 6 felonies. Later, at his initial hearing, the trial court increased Loper's bail to $50,000 surety or $5,000 cash. On appeal, Loper argues that the trial court abused its discretion when it denied his motion to reduce bond, which alleged that the increase was improper. Concluding that the trial court did not abuse its discretion, we affirm the trial court's denial of the motion.

We affirm.

# Issue

> Whether the trial court abused its discretion when it denied Loper's motion to reduce bond.

# Facts

In August 2009, two banks notified Raymond Kissel ("Kissel") that checks connected to his checking account had recently been cashed and that his account had been flagged for suspicious activity. Following an investigation, wherein Loper admitted that he stole checks from Kissel, Loper was taken into custody.

On August 21, 2009, the trial court held a probable cause hearing and found that there was "probable cause to hold [Loper] on charge[s] of Theft, Fraud,

Check Deception, and Possession of a Legend Drug." (Tr. 4). Thereafter, the trial court asked the State its position on bail, and the following exchange ensued:

> THE STATE:  Thank you, Your Honor.  It appears from the criminal history the Defendant has a severe alcohol problem, abuse problem.  He has three prior Public Intoxications and three prior alcohol related Operating While Intoxicate[d].  He also has a 2004 ten Count forgery C felony conviction case as well as a 2002 Pike County Check Deception case.  Thank you.  The State would like to see him placed on AAPS and a no contact order with German American Bank and Raymond Kissel.
>
> THE COURT:  Show bail of $10,000 surety or $1,000 cash, subject to fees and cost of representation.  Your bail is $1,000 cash[.]

(Tr. 4).

Two days later, the State charged Loper with three counts of Level 5 felony fraud on a financial institution and three counts of Level 6 felony forgery.  At the ensuing initial hearing on August 26, the trial court read the charges and appointed counsel for Loper.  The trial court then asked about bail and the following exchanged occurred:

> THE STATE:  Thank you, Your Honor.  In regard to bail, this Defendant has [an] extensive criminal history including Posey County in 2007 Driving While Suspended, Pike County 2002 Check Deception.  In regards to Vanderburgh County we have pending Criminal Mischief right now under cause number 82D05-1905-CM-3655, 2017 and 2015 PI's, 2013 Battery Resulting in Bodily Injury, 2009 Operating a Vehicle While Habitual Traffic Violator, a D felony, Operating with a Blood Alcohol Content of .15 or more, a D felony, 2004 Forgery, C felony, that was nine Counts along with a Theft, a D felony.  The State would request a bond higher than normal, Your Honor.

THE COURT: Show bail of $50,000 surety or $5,000 cash, subject to fees and cost of representation.

(Tr. 9-10).

[6] In October 2019, Loper filed a motion to reduce his bond. In this motion, Loper argued that it was "improper for the court to *sua sponte* increase [his] bond without a showing of good cause for the increase." (App. 42). Thereafter, the trial court held a hearing on Loper's motion, and the State argued as follows:

> I listened to the audios that the court reporter provided me about 45 minutes ago and in the audio [the deputy prosecutor] state[d] to the Court, and I'm paraphrasing, that the Defendant has a severe alcohol issue, three prior public intoxications, three prior OMVWI's, in 2004 a ten count Forgery C felony, a 2002 Check Deception. When I argued to the Court bond on August 26, I noted to the Court two additional charges that I believe were pertinent to the Court's changing of bond and specifically those two additional charges, which is additional evidence that the Court considered, were the pending Criminal Mischief cause under 3655 as well as Battery Resulting in Bodily Injury conviction and in that hearing on the 26th and in the Motion it shows that I requested a higher bond, so in accordance with the caselaw, the State requested a higher bond and the State provided to you yourself, you presided over both hearings, additional evidence to consider for his bond, and I believe in the standard of practice that a pending matter would influence your opinion on bond and therefore I believe it was raised and it was raised legally and in accordance with *Cole v. State* and the bond statute, Your Honor. Thank you.

(Tr. 18-19). Following defense counsel's argument, wherein he argued that he was not provided full access to Loper's criminal history, the trial court stated:

> Okay, well I listened to the tapes myself and I also heard more crimes alleged at the initial hearing than at the probable cause

hearing. . . . I did interpret that to ask for a higher than normal bond, as a request for a higher bond, because the bond that I set was $1,000 and I can tell you now, when I increase a bond from the probable cause hearing to the initial hearing [it] is because of something I've heard, and especially a person's criminal record and especially the fact that he has a case pending. So, this was, the bond was increased because of additional information, and I felt comfortable and satisfied that what I did was in the law. So, your Motion to Reduce Bond is denied.

(Tr. 20-21). Loper now appeals.

# Decision

[7] Loper argues that the trial court abused its discretion when it denied his motion to reduce bond. The amount of bail is within the sound discretion of the trial court and will be reversed only for an abuse of discretion. *Johnson v. State*, 114 N.E.3d 908, 910 (Ind. Ct. App. 2018). We therefore review the trial court's denial of a defendant's motion to reduce bail for an abuse of discretion. *Sneed v. State*, 946 N.E.2d 1255, 1257 (Ind. Ct. App. 2011). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id*.

[8] The Indiana Constitution provides the right to bail. IND. CONST. art. 1, § 17. Moreover, INDIANA CODE § 35-33-8-5 governs that alteration or revocation of bail and provides that "[u]pon a showing of good cause, the state or the defendant may be granted an alteration or revocation of bail by application to the court before which the proceeding is pending." I.C. § 35-33-8-5(a). The trial court may increase bail when the State presents additional "evidence relevant to a high risk of nonappearance based on the factors set forth in

[INDIANA CODE § 35-33-8-4(b)]." I.C. § 35-33-8-5(b). Moreover, motions to reduce bail are provided for by INDIANA CODE § 35-33-8-5(c), which states: "When the defendant presents additional evidence of substantial mitigating factors, based on the factors set forth in [INDIANA CODE § 35-33-8-4(b)], which reasonably suggests that the defendant recognizes the court's authority to bring the defendant to trial, the court *may* reduce bail." (Emphasis added). The factors enumerated in INDIANA CODE § 35-33-8-4(b) include:

> (1) the length and character of the defendant's residence in the community;
>
> (2) the defendant's employment status and history and the defendant's ability to give bail;
>
> (3) the defendant's family ties and relationships;
>
> (4) the defendant's character, reputation, habits, and mental condition;
>
> (5) the defendant's criminal or juvenile record, insofar as it demonstrates instability and a disdain for the court's authority to bring the defendant to trial;
>
> (6) the defendant's previous record in not responding to court appearances when required or with respect to flight to avoid criminal prosecution;
>
> (7) the nature and gravity of the offense and the potential penalty faced, insofar as these factors are relevant to the risk of nonappearance;
>
> (8) the source of funds or property to be used to post bail or to pay a premium, insofar as it affects the risk of nonappearance;
>
> (9) that the defendant is a foreign national who is unlawfully present in the United States under federal immigration law; and
>
> (10) any other factors, including any evidence of instability and a disdain for authority, which might indicate that the defendant

might not recognize and adhere to the authority of the court to bring the defendant to trial.

I.C. § 35-33-8-4(b).

[9]     Relying on *Cole v. State*, 997 N.E.2d 1143 (Ind. Ct. App. 2013), Loper argues that "the requirements here for an increase in bail under [INDIANA CODE § 35-33-8-5] have not been satisfied, and the trial court's increase of [his] bail should be reversed." (Loper's Br. 10).  In *Cole*, this Court discussed the requirements of INDIANA CODE § 35-33-8-5 and held that the trial court abused its discretion when it increased the defendant's bail from $2,500 surety to $10,000 surety. This Court first explained that the defendant testified as to his employment and the amount he thought he could obtain to pay towards his bond.  While counsel requested a reduction of bail, the State did not "make any request or application" for an increase in the initial bail amount.  *Cole*, 997 N.E.2d at 1146.  Rather, the State requested that bail not be reduced.  The *Cole* Court further explained that the trial court "was aware of [defendant's] criminal history" when it set bail, and that the State did not present "additional evidence" to support an increase in bail.  *Id.* at 1147.  Taken together, we determined that the requirements of INDIANA CODE § 35-33-8-5 were not satisfied because the State neither requested an increase of defendant's bail amount nor presented any *additional* evidence to support such an increase.

[10]    Here, the facts of the instant case are distinguishable from those in *Cole*. Significantly, when requesting a reduction in his bond, Loper did not present "any evidence of substantial mitigating factors" that would suggest that he

"recognize[d] the court's authority to bring [him] to trial," as required by INDIANA CODE § 35-33-8-5(c). Initially, the State provided the trial court with a partial summary of Loper's criminal history, and the court set his bail at $10,000 surety or $1,000 cash. At the ensuing initial hearing, the State provided the court with a complete summary of Loper's criminal history. This additional evidence alerted the trial court to Loper's pending criminal matter and a previous conviction for battery resulting in bodily injury. The State then requested a "bond higher than normal," which the trial court interpreted "as a request for a higher bond[.]" (Tr. 10, 20). Thus, the State did make a "showing of good cause[]" in its application as required by INDIANA CODE § 35-33-8-5(a). Thereafter, the trial court increased Loper's bond to $50,000 surety or $5,000 cash. At the ensuing hearing on Loper's motion to reduce bond, the trial court explained that the increase was due to the additional evidence provided by the State regarding Loper's "criminal record[,] especially the fact that he has a case pending." (Tr. 20). Given the presumption that the trial court knows and follows applicable law, *Donaldson v. State*, 904 N.E.2d 294, 300 (Ind. Ct. App. 2009), and the record before us, we cannot say that the trial court's decision to deny Loper's motion was against the logic and effect of the facts and circumstances before it.[1] *Sneed*, 946 N.E.2d at 1257.

---

[1] Loper also argues that his procedural due process rights were violated. We disagree. Loper moved for a reduction of his bond and was given an opportunity to present evidence and argument at a hearing. *See Samm v. State*, 893 N.E.2d 761, 768 (Ind. Ct. App. 2008) (explaining that there is no procedural due process violation where defendant was "provided an opportunity to move for a bond reduction and given an opportunity to present evidence and argument").

Affirmed.

May, J., and Crone, J., concur.